[No. 9431. Department Two. — July 28, 1886.]

## CORNELIUS KING, APPELLANT, *v.* ANDREAS GOTZ ET AL., RESPONDENTS.

HOMESTEAD — PROPERTY SUBJECT TO TRUST DEED — DECLARATION MAY BE FILED ON. — A person residing with his family on community property, which he had previously conveyed by a deed of trust to secure an indebtedness, has such an interest in the property, notwithstanding the trust deed, as entitles him to make a valid claim of homestead thereon.

ID. — PROPERTY NOT OCCUPIED BY CLAIMANT — CLAIM OF AS HOMESTEAD. — A declaration of homestead covering certain premises on which the claimant resided, and certain other premises which were not occupied by him, is valid so far as the land resided on is concerned.

ID. — DECLARATION — ESTIMATED VALUE OF PREMISES. — A declaration of homestead is not invalid, although the value of the premises claimed as a homestead is estimated at seven thousand dollars.

ID. — DEBTOR MAY DECLARE HOMESTEAD — FRAUD ON CREDITORS. — The head of a family having property subject to a homestead declaration, and who is indebted to third persons, may, notwithstanding his indebtedness,.

exercise his right of homestead; and the fact of his having done so is not in itself sufficient evidence of fraud to invalidate the homestead claim at the instance of his creditors.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*C. V. Grey,* for Appellant.

*A. Campbell, Sen.,* and *Campbell & Sanderson,* for Respondents.

SEARLS, C. — This is an action of ejectment to recover a lot of land in the form of a parallelogram, twenty-five feet by sixty feet and ten inches, near Golden Gate Avenue and Laguna Street, San Francisco. The cause was tried by the court, and findings in writing filed, upon which judgment in favor of plaintiff was entered for a strip of land across the north end of and parcel of the lot sued for, eight feet four inches in width by twenty-five feet in length.

The appeal is by plaintiff from the judgment and from an order denying a new trial.

The demanded premises constitute the southerly or rear portion of a lot 25 by $137\frac{1}{2}$ feet on the south side of Tyler Street, now known as Golden Gate Avenue, San Francisco.

Plaintiff's claim is based upon a sheriff's deed executed to him pursuant to a sale under execution on a judgment in his favor against the defendant Andreas Gotz.

Defendants Gotz and wife claim the premises as a homestead under the statute of California, and if at the date of the inception of the lien upon which the property was sold under execution the premises were not impressed with the homestead character, plaintiff is entitled to a reversal of the judgment; otherwise it should be affirmed.

The whole lot, 25 feet by 137½ feet deep, southerly, was purchased by Gotz in 1873, and was community property.

Gotz, with his family, consisting of a wife and two children, went to reside upon the lot in 1873, and ever since have resided in a house upon the rear portion of said lot, the front line of the house being about one hundred feet southerly from the south line of Tyler Street, and extending across the width of the lot.

In 1876 Gotz built a two-story and basement house on the front portion of the lot, at an expense of upward of six thousand dollars; said house covers the whole width of the lot, leaving an entry on the westerly side under the main story for access to the rear of the lot. The house and fences connected with it inclosed the northerly 76⅔ feet of the lot, and has never been occupied by Gotz or his family, but down to the time of the sale thereof to plaintiff was rented to and occupied by tenants.

In December, 1879, Gotz executed, acknowledged, and delivered to James de Fremery and Alexander Campbell, Sen., a deed of trust, which was duly recorded December 24, 1879, and was executed to the grantees and trustees to secure the payment of two thousand five hundred dollars and interest, according to the tenor of a promissory note, for money borrowed from the San Francisco Savings Union, etc., and providing that upon payment, etc., the property should be reconveyed to Gotz, etc. This trust deed conveyed the whole lot.

On the 13th of September, 1880, Gotz made, acknowledged, and recorded in the proper office a declaration in the usual form, claiming the whole lot as a homestead, estimating the cash value at seven thousand dollars, adding subject, however, to a mortgage of two thousand five hundred dollars on said premises.

On the sixteenth day of February, 1881, Gotz and wife executed, acknowledged, and recorded an abandonment

of the homestead; and on the same day Gotz executed a
second trust deed in like manner and form to the same
trustees upon the same lot, to secure the payment of one
thousand four hundred dollars to the same creditor;
and thereafter and on the same day executed a second
declaration of homestead upon the same lot of land as
the first, "subject to the two trust deeds."

This homestead declaration was recorded after the sec-
ond trust deed.

The money not having been paid when due, the north-
erly twenty-five by eighty-five feet of the lot was sold by
the trustees under the two trust deeds, and purchased by
plaintiff.

The trustees thereupon conveyed to Gotz the southerly
25 by 52½ feet of the lot, with the right of way thereto,
which portion constitutes the demanded premises, found
to be of the value of three thousand dollars, and no more.

The position taken by appellant is, that a homestead
can only be selected from community property or the
separate property of the husband, or with the consent of
the wife from her separate property. (Civ. Code, sec.
1238.)

That community property is property *owned* which
has been acquired after marriage, and that the property
described in the complaint was not at the date of filing
the declaration of homestead *owned* by the defendants, or
either of them, for the reason that it had been conveyed
to De Fremery and Campbell under the trust deeds, and
therefore that no homestead right could attach thereto.

" The homestead consists of the dwelling-house in
which the claimant resides and the land on which the
same is situated, selected as in this title provided." (Civ.
Code, sec. 1237.)

Defendant Andreas was residing with his family in the
dwelling-house upon the land described in his declara-
tion at the date of making and filing such declaration,
and to that extent his homestead is valid. (*Dorn v.
Howe*, 52 Cal. 630.)

"If the claimant be married, the homestead may be selected from the community property," etc. (Civ. Code, sec. 1238.)

Defendant Andreas Gotz, who made the declaration, was married, and if he had any property in the premises, it had been purchased subsequent to marriage, and was *community property.*

The term "property" in its broad sense signifies that to which one has an unrestricted and exclusive right, including all that is one's own, whether corporeal or incorporeal. (Bouvier's Law Dict., tit. Property.)

"The term 'property,' as applied to lands, comprehends every species of title, inchoate or complete. It is supposed to embrace those rights which lie in contract; those which are executory as well as those which are executed." (Chief Justice Marshall in the two cases of *Soulard* and *Smith* v. *United States*, 4 Pet. 511.)

We see no reason for doubting the interpretation placed by Chief Justice Marshall upon the word "property," when applied to real estate. In this state, as elsewhere, the mere possession of real estate is constantly treated as property, which may be purchased and sold, and for the recovery of which an action may be maintained against one having no better title.

"Occupancy for any period confers a title sufficient against all except the state and those who have title by prescription, accession, transfer, will, or succession." (Civ. Code, sec. 1006.)

The defendant Gotz, notwithstanding the execution of the trust deed, had an interest in the property which he could transfer or devise, subject only to the trust. (Civ. Code, sec. 864.)

And the grantee under him would acquire a legal estate in the property, except as against the trustees and those lawfully claiming under them. (Civ. Code, sec. 865.)

It follows from these provisions (which modify section

863 of the same code) that the trustor of an express
trust, except as to his trustee and those holding under
him, is treated as the holder of the legal title.

The deeds of trust left an interest in Gotz which could
have been sold under execution. (*Kennedy* v. *Nunan*, 52
Cal. 326.)

It is the property of the judgment debtor in real estate
which may be sold under execution, and we fail to see
how the defendant Gotz had such a property in the de-
manded premises as gave to the purchaser under execu-
tion a *title*, and yet at the same time was not sufficient to
support a claim of homestead.

Under these circumstances, we are of opinion that
Gotz, who was residing with his family in the dwelling-
house upon the premises, had, notwithstanding the
trust deeds, such an interest in the property as entitled
him to make a valid claim of homestead. He was in
possession of and residing upon the land, and whatever
title he had, whether legal or equitable, was subject to
and sufficient to support a homestead; and when the
trustees of the Savings Union afterwards, upon the exe-
cution of the trust, reconveyed to him the demanded
premises, he became the holder of the entire title, legal
and equitable. (*Spencer* v. *Geissman*, 37 Cal. 96; *Brooks*
v. *Hyde*, 37 Cal. 366.)

2. The description of the premises in the declaration
of homestead included the whole lot of 25 by 137½ feet,
upon the portion of which now in dispute Gotz had his
dwelling and resided. The front of the lot was covered
by a building not occupied by him, but was rented and
occupied by tenants.

The claim of premises not the subject of a homestead
did not invalidate his claim as to that clearly subject to
such exemption. (*Gregg* v. *Bostwick*, 33 Cal. 220; *Mann*
v. *Rogers*, 35 Cal. 319; *Tiernan* v. *His Creditors*, 62 Cal.
286.)

3. As to the value: the declaration estimates the

value at seven thousand dollars. The actual value of the demanded premises is admitted to be three thousand dollars. *Ham* v. *Santa Rosa Bank*, 62 Cal. 125, and *Tiernan* v. *His Creditors, supra*, are conclusive of this question.

4. The facts as set out in the record do not make out a case of fraud against the defendant.

The head of a family having property subject to a homestead declaration, and who is indebted to third persons, may, notwithstanding such indebtedness, exercise his right of homestead, and the fact of his having done so is not in itself such evidence of fraud as will invalidate his homestead claim at the instance of his creditors.

The law, for wise and beneficent purposes, secures to the family a right to have a homestead selected in the manner indicated by the statute, and this right may be exercised as well against existing as against future creditors, without the imputation of fraud for so doing.

We are of opinion the judgment and order appealed from should be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.