[No. 18002.  Department Two. — November 8, 1893.]

HENRY POWELL, APPELLANT, v. HENRY PATISON ET AL., RESPONDENTS.

FORECLOSURE OF DEED OF TRUST—ISSUE AS TO MORTGAGE SECURITY— OMITTED FINDING—APPEAL.—In an action to foreclose a deed of trust, where an appeal is taken from a judgment refusing to decree a foreclosure, and it appears that the trial court made no finding upon the issue raised by the pleadings as to whether the deed was given and intended as a mortgage, as averred in the complaint, and denied in the answer, and the instrument is not brought up by the record or set out in the pleadings, the question as to whether it was an absolute deed of trust or a deed of trust in the nature of a mortgage cannot be determined by the appellate court, and the judgment must be reversed for failure of the trial court to find upon that issue.

ID.—NATURE OF ABSOLUTE DEED OF TRUST.—An absolute deed of trust is a conveyance of the property to a trustee for the purpose of selling it to pay debts, the effect of which is to pass an unconditional and indefeasible title to the trustee for the purposes of the trust.

ID.—DEED OF TRUST IN NATURE OF MORTGAGE—DEFEASANCE—POWER OF SALE.—A deed of trust in the nature of a mortgage is a conveyance of the property to the trustee merely as collateral security for the payment of a debt, upon an express condition of defeasance, with power to sell the property and pay the debt in case of a default by the trustor.

APPEAL from a judgment of the Superior Court of Stanislaus County.

The facts are stated in the opinion of the court.

*Geo. W. Reed, E. Nusbaumer,* and *Stonesifer & Minor,* for Appellant.

*P. J. Hazen,* for Respondents.

FITZGERALD, J.—Action to foreclose a deed of trust. The complaint substantially alleges that on June 22, 1881, the defendants, Henry Patison and his wife Emma J. Patison, executed to plaintiff's assignor their promissory note for two thousand dollars, payable on the twenty-second day of June, 1885, with interest as therein specified; that at the same time they executed to the defendants, Hamilton and Coleman, as trustees, a conveyance of the real property therein described to secure the payment of the principal and interest mentioned in said note according to the terms thereof, and that said deed of trust was intended and given to said trustees as a mortgage for that purpose.

The answer admits the execution of the deed of trust, but specifically denies that it was intended and given as a mortgage.

Plaintiff had judgment for the full amount of the note, but the court refused to decree a foreclosure, and it is from that part of the judgment that plaintiff appeals.

The only question arising on this appeal is whether the instrument sought to be foreclosed was given and intended as a mortgage. Upon this issue raised by the pleadings, and which is treated and discussed by the parties to this action as an issue of fact, the court below made no finding, and as the instrument itself is not brought up by the record, and is pleaded only by its legal effect, there is nothing before us by which we can determine whether it is an absolute deed of trust, or a deed of trust in the nature of a mortgage.

There is a well-recognized distinction between these instruments. The former is a conveyance of the property to a trustee for the purpose of selling it to pay debts. The effect of such an instrument is to pass the title absolutely to the trustee, and it vests in him unconditionally and indefeasibly for the purposes of the trust.

In the latter the property is conveyed to a trustee merely as collateral security for the payment of a debt,

upon an express condition of defeasance, and with power to sell and pay the debt in case of default by the trustor.

As we are unable to determine from the record to which class the instrument in question belongs, that part of the judgment appealed from must, for this reason, be reversed.

So ordered.

McFARLAND, J., and De HAVEN, J., concurred.