[No. 18073.    Department Two. — November 8, 1893.]

HENRY POWELL, RESPONDENT, v. HENRY PATISON ET AL., APPELLANTS.

HOMESTEAD—VOID MORTGAGE BY HUSBAND—ESTOPPEL—FORECLOSURE— JUDGMENT ON NOTE.—A mortgage by a husband alone upon property upon which there is a valid and subsisting homestead is inoperative and void in its inception, and does not become valid by the premises subsequently losing their character as a homestead, and the husband is not estopped from denying its validity in an action of foreclosure; but a judgment may properly be rendered in such action upon the note attempted to be secured by such void mortgage.

ID.—DEED OF TRUST—JUDGMENT ON SECURED NOTE.—The court cannot properly render a personal judgment against the makers of a promissory note which is secured by a valid deed of trust before the security has been legally exhausted.

APPEAL from a judgment of the Superior Court of Stanislaus County.

The facts are stated in the opinion of the court.

P. J. Hazen, for Appellant.

The court erred in rendering a money judgment against defendants, as the debt was secured by a trust deed. A personal judgment on a secured debt before the security has been legally exhausted is erroneous. (Barbieri v. Ramelli, 84 Cal. 154; Crim v. Kessing, 89 Cal. 487; 23 Am. St. Rep. 491; Biddel v. Brizzolara, 64 Cal. 362.)  The judgment is erroneous, so far as it

authorizes a foreclosure of the mortgage, for the reason that it was made by the husband alone on premises which were then a homestead. (Civ. Code, sec. 1242; *Gleason* v. *Spray*, 81 Cal. 220; 15 Am. St. Rep. 47; *Gagliardo* v. *Dumont*, 54 Cal. 496; *Alt* v. *Banholzer*, 39 Minn. 511; 12 Am. St. Rep. 681; *Law* v. *Butler*, 44 Minn. 482.) That such conveyance is void and does not operate even as an estoppel, see *Alford* v. *Lehman*, 76 Ala. 526; *Crim* v. *Nelms*, 78 Ala. 604; *Moses* v. *McClain*, 82 Ala. 370; *Strauss* v. *Harrison*, 79 Ala. 324; 9 Am. & Eng. Ency. of Law, 478, 479; *Doyle* v. *Coburn*, 6 Allen, 71; *Texas Land & Loan Co.* v. *Blalock*, 76 Tex. 85; *Planters' Loan & Sav. Bank* v. *Dickinson*, 83 Ga. 711; *Timothy* v. *Chambers*, 85 Ga. 267; 21 Am. St. Rep. 163.

*Stonesifer & Minor*, and *Reed & Nusbaumer*, for Respondent.

The court having found that the security could not be foreclosed, it was proper to render a judgment upon the promissory note. (See Jones on Mortgages, secs. 1220–26.) Patison and his wife having been divorced and the land described in the mortgage having been assigned to Patison by the decree of divorce, he is estopped to deny the validity of the mortgage sought to be foreclosed in the second cause of action, and his after acquired title inures to the benefit of plaintiff. (Civ. Code, sec. 1106; Civ. Code, sec. 1962, subd. 3; 1 Jones on Mortgages, secs. 561, 682; 2 Jones on Mortgages, sec. 1483; 2 Hermann on Estoppel, secs. 592, 902; *Clark* v. *Baker*, 14 Cal. 612, 634; 76 Am. Dec. 449; *Kirkaldie* v. *Larrabee*, 31 Cal. 456; 89 Am. Dec. 205; *Vallejo Land Assn.* v. *Vierra*, 48 Cal. 572; *Parry* v. *Kelley*, 52 Cal. 334; *Orr* v. *Stewart*, 67 Cal. 275.) The homestead relied upon by defendant, Henry Patison, was destroyed by the decree of divorce. (*Shoemaker* v. *Chalfant*, 47 Cal. 432. See Thompson on Homestead and Exemptions, sec. 518; *Burkett* v. *Burkett*, 78 Cal. 310, 316; 12 Am. St. Rep. 58.)

FITZGERALD, J.— Action to foreclose a mortgage. Plaintiff had judgment, and defendant appeals.

It appears that on the second day of October, 1877, the defendant, Henry Patison, was the owner and resided with his family on the premises in question; that on that day his wife, the defendant, Emma J. Patison, declared a homestead thereon, and that they continued to actually occupy the same up to the twenty-ninth day of August, 1887, and that the homestead so declared has never been abandoned; that on September 26, 1884, the defendant, Henry Patison, made his promissory note to plaintiff for one thousand dollars, and to secure the payment thereof he mortgaged to plaintiff the homestead premises; that on the 29th of August, 1887, the defendant, Henry Patison, obtained a divorce from his wife, the said Emma J. Patison, and the homestead premises were by the judgment assigned to him.

It is claimed by appellant that the court erred in decreeing a foreclosure of the mortgage, for the reason that when the mortgage was executed by the husband there was a valid and subsisting homestead on the premises sought to be mortgaged. Section 1242 of the Civil Code provides that "the homestead of a married person *cannot* be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife."

Under these provisions it is clear that the homestead cannot be conveyed or encumbered except by the joint act of the husband and wife. Hence a conveyance or mortgage thereof by the husband alone is inoperative and void (*Gleason* v. *Spray*, 81 Cal. 220; 15 Am. St. Rep. 47; *Gagliardo* v. *Dumont*, 54 Cal. 496), and does not become valid by the premises subsequently losing their character as a homestead, if in this case it can be said that by the decree assigning to the husband the homestead premises they, by reason of that fact, lost their character as such, nor does a subsequently acquired title relate back so as to give effect to a void instrument. It therefore follows that as the mortgage herein was void

in its inception the defendant is not estopped from denying its validity, as would be the case if the mortgage itself was a valid instrument.

The claim that the court erred in rendering a judgment against the defendants on their promissory note secured by a valid deed of trust, and which was also sought to be foreclosed as a mortgage in this action (see case No. 18002 just decided by this court, *ante*, p. 234) must be sustained, for the reason that it is well settled on authority in this state that a "personal judgment on a secured debt before the security has been legally exhausted is erroneous." (*Barbieri* v. *Ramelli*, 84 Cal. 154; *Crim* v. *Kessing*, 89 Cal. 487; 23 Am. St. Rep. 491; *Biddel* v. *Brizzolara*, 64 Cal. 362.)

The motion to dismiss on the ground that plaintiff neglected to demand and have judgment entered for more than six months after final submission of the cause was properly denied.

The personal judgment against the defendants Patison on their note, secured by a valid deed of trust, and that part of the judgment decreeing a foreclosure of the mortgage, is reversed, but the judgment on the one-thousand dollar note attempted to be secured by the mortgage sought to be foreclosed in this action, the same being void and of no effect, is affirmed.

So ordered.

McFarland, J., and De Haven, J., concurred.