## HERBERT CRAFT CO. v. BRIAN et al.*

### Sac. No. 847; May 2, 1902.

#### 68 Pac. 1020.

**Trust Deed.—In an Action to Recover the Balance Due** on a note after sale under a trust deed securing it, a claim set up in defendant's answer that the trust sale was void, and that no suit could be maintained on the note until the security was exhausted, conflicted with a claim, also set up in such answer, that defendant was entitled to the profits realized from a resale of the property which defendant had purchased at the trust sale; and the granting of relief based on one of such claims would exclude the granting of that based on the other.

**Trust Deed.—A Deed of Trust to Secure a Debt, With Power of Sale** to be exercised after breach of the obligation which it is given to secure, is, in effect, only a mortgage with power of sale, such as is authorized by Civil Code, section 2932, and is within the policy of Code of Civil Procedure, section 726, providing that only one action can be maintained to enforce any debt or right secured by a mortgage, and that such action shall be the one therein prescribed, which contemplates a sale and exhausting of the security before any personal judgment can be rendered.

**Trust Deed.—The Trustees in a Deed of Trust to Secure a Debt,** who were apparently not interested in the debt at the time of the execution of the deed, subsequently, without the knowledge or consent of the grantors, became shareholders and directors in a corporation which thereafter purchased the debt. The corporation then had the property sold by the trustees, bought it in, and sold it again at a profit. Held, that the sale was voidable at the mere instance of the grantor, or, if affirmed by him, he was entitled to an accounting for the profits of the resale, and to credit therefor as of the time of the resale.

**Trust Deed.—The Assignee of a Note Secured by a Deed** of trust, who purchases the property at a sale under the deed of trust, cannot deny that the payee of the note, his assignor, accepted the deed of trust as security for such note.

APPEAL from Superior Court, Tehama County; John F. Ellison, Judge.

Action by the Herbert Craft Company against Dollie L. Bryan in her own right, and substituted as administratrix

---

*For subsequent opinion in bank, see 140 Cal. 73, 73 Pac. 745.

for James M. Bryan, deceased. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Garter, Dozier & Wells for appellant; Coffman & Coffman for respondent.

TEMPLE, J.—This action was brought upon a promissory note executed by James M. Bryan and his wife, Dollie L. Bryan. Since the commencement of the action, James M. Bryan has died, and the case is continued against Dollie L. Bryan, as administratrix, and also against her personally. The note was executed by both husband and wife on the third day of June, 1893, for $10,000, with interest at the rate of nine per cent per annum, compounded annually. In the answer, as one defense, and in a cross-complaint, the defendant avers that on the eleventh day of December, 1893, James M. Bryan and Dollie L. Bryan executed for Herbert Craft, who was the payee in the note, a deed of trust conveying to George H. Craft and E. R. Craft, as trustees, certain lands as security for the payment of the note. The terms of the trust deed are stated in full in the pleadings. It is also charged that the note so secured by the trust deed was duly assigned to the plaintiff, the Herbert Craft Company, which is a corporation, and subsequently thereto, to wit, on the thirteenth day of June, 1896, the said trustees, in pursuance of the trust deed, sold the lands described and conveyed therein and thereby to the Herbert Craft Company for the sum of $10,000. It is averred that thereafter the corporation, acting through George H. Craft and E. R. Craft, sold the said lands to Martha B. Grinnell for $12,500. The defendant seeks an accounting, and claims the right to have the profit made by the Herbert Craft Company credited upon the indebtedness. This suit is brought to recover the sum which remains due on said promissory note after the sale by the trustees giving credit for $10,000, the amount realized from the sale by the trustees.

A feeling of doubt as to the remedy they were entitled to, if any, must have affected defendant's attorneys when the pleadings were drawn. The facts are apparently stated fully and in detail, and in the answer and cross-complaint the defendant insists that the sale to the Herbert Craft Company is void, and that she, or the estate, is entitled to

the profits realized. It is evident that the two demands cannot both be granted. The claim that the sale is void, coupled with the contention that no suit can be maintained upon the note until the security has been exhausted, is in the nature of a plea in abatement. The other is a proposal to affirm the sale to Mrs. Grinnell and a demand for the proceeds of the sale. The court, on motion of the plaintiff, struck out that part of the answer which sets up as matter of defense the facts concerning the trust and also the cross-complaint, and, of course, declined to receive evidence sustaining such defense or the cross-complaint. The questions raised on this appeal are whether such orders are erroneous.

It is said that the learned judge of the trial court based his ruling upon the proposition that a trust deed given to secure a debt is not a mortgage within the terms of section 726 of the Code of Civil Procedure, and therefore a personal action to recover the debt can be maintained without first exhausting the security. I think this was error, but, if the general proposition were admitted, it would not follow that in such a suit the debtor might not show that the trustees had conveyed the property to the creditor under such circumstances as would entitle him to an account of profits made, and have such profits credited on his debt. As to the main proposition, it is true section 726 of the Code of Civil Procedure in terms refers only to indebtedness secured by mortgage. But if a trust deed given as security for a debt can be treated as a mortgage, it must follow that it is within the policy established by section 726. That such deed may be so treated, and an action for foreclosure maintained upon it, was expressly held in Felton v. Le Breton, 92 Cal. 457, 28 Pac. 490. Mr. Justice Harrison, speaking for the court, said: "An absolute conveyance of property by a debtor to his creditor, in trust that he may sell the same, and out of the proceeds discharge the debt, is, in effect, only a mortgage with a power of sale, and the grantee may treat it as such, and, instead of making a sale under the power, may go into a court of equity for a foreclosure and sale under a decree; and whenever such course is pursued his relation to the trust property is the same as that of a mortgagee in the foreclosure of an ordinary mortgage." That is, the mortgagee could, in case of such foreclosure, bid at the sale, and become a purchaser, although the deed authorized and directed

a sale made by himself as trustee. That a personal action cannot be maintained on a promissory note secured by a deed of trust until the security has been exhausted was decided in Powell v. Patison, 100 Cal. 236, 34 Pac. 677. It was said: "The claim that the court erred in rendering judgment against the defendants upon a promissory note secured by a deed of trust, and which was also sought to be foreclosed in this action (100 Cal. 234, 34 Pac. 676), must be sustained, for the reason that it is well settled on authority in this state that a personal action on a secured debt before the security has been legally exhausted is erroneous." The record in that case shows that the point was fully argued on both sides. In fact, judging from the briefs, it was the only question presented by the appeal. The question is discussed in 1 Jones on Mortgages, section 62. The learned author says that such a trust deed is, in effect, a mortgage. It is a conveyance of land for the payment of a debt. "It passes the legal title to the grantee just as a mortgage does, except in those states where the natural effect of a mortgage is controlled by statute." The author points out that in Wisconsin it was held that such a trust was void, as one prohibited by statute. Subsequently this ruling was reversed, and such deeds were held to be valid as mortgages: Marvin v. Titsworth, 10 Wis. 320. The author points out a distinction between a deed of trust to secure a debt, and a trust to pay debts, in that the latter contains no defeasance. Of course, if the direction for a sale is mandatory, and to be had at all events, there is no place for a defeasance; otherwise, whether expressed in the deed or not, section 871 of the Civil Code constitutes a pretty good defeasance. I think this is also the effect of Bank v. Alcorn, 121 Cal. 379, 53 Pac. 813. The passing of the legal title in such case is mostly ideal. It is deemed to have passed only for the purpose of enabling the trustee to convey a title. In all other respects the title remains in the trustor, and is still the right by which he holds that which is his. This court, in Bank v. Alcorn, felt constrained to hold such deeds valid as security. So far only was it necessary to go. The court must not be thought to have recognized a trust expressly prohibited by statute, and to have reversed the policy of the state as declared in section 726 of the Code of Civil Procedure. One exception to that rule is recognized in section 2932 of the

Civil Code, and in all its essential elements and consequences a deed of trust given to secure a debt comes within that exception, and it was so declared in the case last cited. At all events, we would not feel warranted in overruling Powell v. Patison, supra. The case of Koch v. Briggs, 14 Cal. 257, 73 Am. Dec. 651, was in some respects the converse of this. It was there contended that the only remedy afforded a creditor so secured was to foreclose. The court simply held that the trust could be executed for the benefit of the creditor, and foreclosure was not necessary. If, beyond that, it was also said that foreclosure could not be had, so far it was obiter, and is in conflict with later cases. The provisions of section 4, article 13, of the constitution, may be deemed to add some force to the argument that a personal action cannot be maintained to recover the debts secured by a trust deed until the security has been exhausted. Not only is a deed of trust given to secure a debt classed with mortgages, but the creditor is permitted to pay in certain cases the taxes upon the interest of the trustor, and to secure their repayment a lien is given upon the interest of the trustor. This lien can only be enforced by the execution of the power or by foreclosure. To allow a personal action which could not include the taxes paid, and in some cases other expenses incurred, as authorized in the trust deed, would be a species of splitting up demands, which is not allowed.

As to the other contention—that defendant is entitled to an accounting, and to have credited upon the debt any profits made upon the purchase by the corporation plaintiff—that also must be sustained. Conditions somewhat similar were recently considered in the case of Copsey v. Sacramento Bank, 133 Cal. 659, 85 Am. St. Rep. 238, 66 Pac. 7, 204, and it was held that such a sale was not void, but was voidable; at least upon a showing of any unfairness or advantage taken. The facts in this case differ from the case there considered in at least one very important respect. There the facts in reference to the position and relation of the trustees to the creditor existed and were known to the trustor at the time the deed was made. Here the trustees were apparently impartial at the time, and wholly disinterested. They were trustees of an express trust, which is strictly within the provisions of the Civil Code in reference to the relation. Without the consent or knowledge of the trustors, they became

interested in the debt. They became shareholders and directors in the corporation plaintiff, which, subsequently to their becoming interested, purchased the indebtedness. As trustees they sold and conveyed the property which was the subject of the trust. The corporation was, of course, chargeable with knowledge of all the facts. Plainly, such sale was voidable at the mere instance of the beneficiary. In the case of Copsey v. Sacramento Bank it may be said that the beneficiary with full knowledge consented that the trustees should so deal with the subject of the trust. Such cannot be said of this case. Here the pleading was stricken out on the ground that it did not state a defense. Its averments for the purposes of review on appeal must be taken as true. Under such circumstances neither the trustee nor his vendee can be permitted to make a profit from the violation of duty on the part of the trustees. The defendant is therefore entitled to the accounting, and to have such profits, if any, credited upon the indebtedness as of the time such resales were made.

It is objected that the pleadings are insufficient to authorize such relief. All the necessary facts are stated in the answer and in the cross-complaint. Instead of a demurrer, a motion was made to strike the pleadings from the files. The ground upon which this motion was sustained was that a personal action can be maintained without reference to what had been done with the property conveyed in trust to secure the debt, and that such accounting could not be had in such personal action. Under the circumstances the defendant's counsel are excusable in not asking for leave to amend.

Upon the pleadings here considered it cannot be held that defendant is barred by laches.

The point is made that it is not averred in the answer and cross-complaint that Herbert Craft, the payee named in the note, accepted the trust deed as security. The plaintiff, as his assignee, having purchased at the trustee's sale, is in no position to make the point.

The judgment is reversed, and the cause remanded for further proceedings in pursuance of this opinion.

We concur: McFarland, J.; Henshaw, J.