[Sac. No. 4644. In Bank.—April 3, 1933.]

BANK OF ITALY NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Appellant, v. G. J. BENTLEY et al., Respondents.

646

Louis Ferrari, T. J. Bricca, S. J. Tosi, C. H. White, Cullinan & Hickey, R. C. Minor and Gumpert & Mazzera for Appellant.

David F. Bush, Nutter & Rutherford and A. P. Hayne for Respondents.

Robertson, Crawford & Nichols, Warren H. Atherton, Laurence Edwards and M. P. Shaughnessy, as *Amici Curiae* on Behalf of Respondents.

SHENK, J.—Plaintiff appeals from a judgment in favor of defendants in an action brought by plaintiff on a promissory note secured by a deed of trust. The record discloses that on February 14, 1923, the defendants executed the note in question and, on the same date, as security therefor, executed a deed of trust conveying to named trustees certain real property in Stanislaus County. The deed of trust is in the usual form and confers upon the trustees the usual power of sale in case of default in the payment of the note. The note was made due and payable one year from its date.

On February 11, 1928, three days before the four-year statute of limitations applicable to the note would have expired, the plaintiff began this action, the complaint being in the usual form for an action on a promissory note. The facts show that just prior to the filing of the complaint, notice of breach was filed, and thereafter, on June 8, 1928, the trustee sold the property under the power contained in

the deed of trust. Thereafter the plaintiff filed an amended complaint, making no reference to the sale of the premises under the deed of trust, and praying for judgment for the amount of the note, interest, costs, and attorneys' fees. On its face, the amended complaint does not purport to be for any deficiency remaining due after the sale under the deed of trust. Neither the original nor the amended complaint alleged that the security had become valueless. The real property involved was stipulated to be of "substantial value".

The answer of the defendants admitted the execution and nonpayment of the note and, by way of defense, alleged the note was secured by a deed of trust; that the land was sold under the power therein contained; and that the action was premature for the reason that at the time of filing the original complaint no cause of action existed. This contention was upheld by the trial court, on the theory that no action may be brought on a note secured by a deed of trust unless and until the security is exhausted. The correctness of this conclusion is the sole point involved on this appeal.

Before discussing this point directly, certain preliminary observations should be made. In the first place, the note and deed of trust involved in this action do not purport to grant the right to sue before exhausting the security. We have examined the provisions of the note and deed of trust, and can find no provision therein purporting to grant this privilege to the trustee or beneficiary. Plaintiff refers us to several clauses of the deed of trust and contends that these provisions authorize such an action. The clauses in question, when read in connection with their context, clearly indicate that the powers therein conferred relate solely to the execution of the trust and to the conservation of the property, in order to protect the rights of the beneficiary.

In the second place, the plaintiff, before starting this action, did not expressly or impliedly waive the security. Plaintiff expressly repudiates any such intent and its action in selling the security after suit was filed conclusively indicates it had no such intent.

It should also be mentioned that, although an amended complaint was filed in this action, it did not purport to be for a deficiency and it did not allege the sale by the trustees. Apparently it is the desire of the plaintiff to rely solely

upon the proposition that suit can be maintained upon the note before the security has been exhausted.

Another point should also be referred to. The present action can in no sense be deemed an attempt to foreclose the deed of trust by judicial sale. It has frequently been held that ordinarily a deed of trust may not be judicially foreclosed (*Koch* v. *Briggs,* 14 Cal. 256 [73 Am. Dec. 651]; *Savings & Loan Soc.* v. *Burnett,* 106 Cal. 514 [39 Pac. 922]; *Grant* v. *Burr,* 54 Cal. 298; *Galusha* v. *Meserve,* 58 Cal. App. 174 [208 Pac. 348]; *Bayer* v. *Hoagland,* 95 Cal. App. 403 [273 Pac. 58]), but it has also been held that when some extraordinary or special circumstance exists which will justify a court of equity in exercising its peculiar powers, a deed of trust may be judicially foreclosed. Instances of this character are where there are accounts to be settled, or where the trustee fails or refuses to act, or repudiates the trust, or is guilty of a breach of trust. (*Curtin* v. *Krohn,* 4 Cal. App. 131 [87 Pac. 243]; *Smith* v. *Davis,* 90 Cal. 25 [27 Pac. 26, 25 Am. St. Rep. 92]; *Bayer* v. *Hoagland, supra.*) It is a possibility also that, under special circumstances, a judicial foreclosure might be allowed where, before the sale under the deed of trust can be consummated, the statute of limitations will have run on the personal obligation of the debtor. We do not find it necessary to decide that point in the present case, because of the fact that the action involved on this appeal cannot possibly be held to be a foreclosure action. Not only does appellant expressly concede that it is not a foreclosure action, but the form of the action, as already indicated, clearly demonstrates it is merely a legal action on a promissory note.

With these preliminary observations, we turn now to a direct discussion of the question presented, viz., whether, in this state, it is permissible to sue on a promissory note secured by a deed of trust without first exhausting the security or showing that it is valueless. It is our opinion that, in the absence of some unusual circumstance not present in this case, an independent action on a note secured by a deed of trust may not be brought by the holder of the note unless and until the security is exhausted. This conclusion is based on two major premises:

1. That this court has already directly so held in one case and, by necessary implication, reached the same conclusion in another and later case; and

2. That when the history of deeds of trust in this state is considered, the contract between the parties must be held to impliedly provide that the land constitutes the primary fund to secure the debt, and that a sale under the deed of trust will be had before a suit may be commenced on the note.

The first premise is based on the case of *Powell* v. *Patison*, 100 Cal. 236 [34 Pac. 677], and on the later case of *United Bank & Trust Co.* v. *Brown*, 203 Cal. 359 [264 Pac. 482]. In *Powell* v. *Patison, supra,* the plaintiff sued to foreclose two instruments as mortgages, one clearly a mortgage, the other apparently a deed of trust in form, but alleged to be a mortgage. The trial court allowed foreclosure of the mortgage and refused to foreclose the deed of trust, but rendered a personal judgment in favor of plaintiff for the amount secured by the deed of trust. Plaintiff appealed from that portion of the judgment denying his right to foreclosure and defendant appealed, among other things, from the personal judgment upon the note secured by the deed of trust. The two appeals were treated separately by the court. On the plaintiff's appeal from the judgment denying foreclosure of the deed of trust (100 Cal. 234 [34 Pac. 676]) this court reversed the lower court on the ground that the precise nature of the instrument could not be determined from the record. On the appeal of the defendant from the personal judgment on the note secured by the instrument in the form of a deed of trust, this court, without referring to the ambiguous nature of the instrument, reversed the lower court. Throughout its opinion the court referred to the instrument as a "valid deed of trust", and held, in no uncertain language, that no personal action would lie on a note so secured until the security had been exhausted. At page 239, the court stated:

"The claim that the court erred in rendering a judgment against the defendants on their promissory note secured by a valid deed of trust, and which was also sought to be foreclosed as a mortgage in this action (see case No. 18002, just decided by this court, *ante,* p. 234) must be sustained, for the reason that it is well settled on authority in this state

that 'a personal judgment on a secured debt before the security has been legally exhausted is erroneous'.

"The personal judgment against the defendants Patison on their note, secured by a valid deed of trust, . . . is reversed, . . . "

What was there said cannot be considered as *dicta*. Even if the two appeals be considered together, at most there were alternative grounds given for the opinion, and one of these alternative grounds was that no personal action could be maintained on a note secured by a deed of trust until the security had been legally exhausted. ▮ It is well settled that where two independent reasons are given for a decision, neither one is to be considered mere *dictum*, since there is no more reason for calling one ground the real basis of the decision than the other. The ruling on both grounds is the judgment of the court and each is of equal validity. (*People* v. *Reid,* 195 Cal. 249 [232 Pac. 457, 36 A. L. R. 1435]; *East Bay Municipal Utility Dist.* v. *Kieffer,* 99 Cal. App. 240, 260 [278 Pac. 476, 279 Pac. 178]; *Union Pac. Ry. Co.* v. *Mason City & Ft. D. R. Co.,* 199 U. S. 160 [26 Sup. Ct. 19, 50 L. Ed. 134]; 7 Cal. Jur. 641, sec. 45.) It must be held that *Powell* v. *Patison, supra,* constitutes a direct and unequivocal holding that the security must be exhausted before an action will lie on a note secured by a deed of trust. As will hereafter appear, this case has never been reversed or modified, and the rule therein enunciated must now be held to have become a rule of property which may not now be disturbed.

The second case reaching the same result is *United Bank & Trust Co.* v. *Brown, supra.* Although the opinion does not directly mention the point, the case, on its facts, necessarily stands as a direct authority on the question. Here the action was to recover an alleged balance due on two promissory notes secured by a deed of trust, after the security had been sold at a trustee's sale. The defense to the action was that proper notice of the sale had not been given; that the sale was therefore void; *that it followed that the security had not been exhausted and that therefore the action had been prematurely brought.* The trial court so found and this judgment was affirmed on appeal. Although there is nothing directly said in the opinion on the point involved in the present appeal (although discussed in the

briefs) the conclusion reached is a substantial affirmance of the rule that the security must be exhausted before a suit will lie on the note. The judgment of the trial court could not have been affirmed upon any other theory. This is so because if a valid sale were not a condition precedent to an action on the note, plaintiff would have been entitled to a judgment on the note whether or not a valid sale had been had.

The Patison and Brown cases would seem fully and completely to settle the point involved were it not for *dicta* in several cases questioning the effect of the Patison case. Appellant contends that these more recent cases have modified the rule therein enunciated. This is not so. The case relied on by defendants most strongly is *Herbert Kraft Co.* v. *Bryan,* 140 Cal. 73 [73 Pac. 745]. Here, as in the Brown case, the action was for a deficiency after a sale under a deed of trust. The defendant contended that the sale was invalid. The court held that the sale was valid and further held, on well settled authority, that a suit on the note for a deficiency *after a valid sale* would lie. That was the only point actually decided by the case. The court expressly refused to decide whether a suit could be maintained on a note secured by a deed of trust *before a valid sale.* In so doing, however, the court used the following language:

"Respondent contends that this action can be maintained on the promissory note independent of the deed of trust, and whether or not the security under that deed had been exhausted, and that therefore it is immaterial whether there was a valid sale to plaintiff, or any sale at all; *but under the views above expressed it is not necessary to here determine this question.* It may be said, however, that the question is not concluded by the fact that section 726 of the Code of Civil Procedure merely provides that there shall be only one action for a debt secured by a *mortgage,* and that a trust-deed is not a mortgage. Assuming that a trust-deed is not within that section, still there are other considerations to be weighed in determining whether a creditor who has accepted such a deed as security has not contracted to pursue the terms of the deed when he attempts to forcibly collect the debt. In *Savings & Loan Soc.* v. *Burnett,* 106 Cal. 514 [39 Pac. 923], it is said—though perhaps not decided—that the grantor retains the right to a conveyance

on payment, 'and to a sale as provided in case of default'; and this right seems to be indicated in other cases. *Powell* v. *Patison,* 100 Cal. 236 [34 Pac. 677], can hardly be considered authority on the point. When in that case the court said that 'It is well settled by authority in this state that a personal judgment on a secured debt before the security had been legally exhausted, is erroneous,' it must have had in mind security by *mortgage,* for in all cases cited as authority on the point—*Barbieri* v. *Ramelli,* 84 Cal. 154 [23 Pac. 1086], *Crim* v. *Kessing,* 89 Cal. 478 [26 Pac. 1074, 23 Am. St. Rep. 491], and *Biddel* v. *Brizzolara,* 64 Cal. 354 [30 Pac. 609]—a mortgage only was involved. We have been referred to no other case where it has been directly held that an action cannot be maintained on a secured indebtedness without first exhausting the security, where the security was not a mortgage. . . . We have noticed the subject to this extent, because it has been elaborately discussed and because what has been said may possibly be of some aid in examining the question hereafter, if it should ever necessarily arise in some future case.'' (See, also, the same case in department, *Herbert Craft Co.* v. *Brian,* 6 Cal. Unrep. 923 [68 Pac. 1020].) What was said by the court in the bank opinion was clearly designated as mere *dicta* and cannot, for that reason, be held to have modified or overruled *Powell* v. *Patison, supra.*

Plaintiff also refers us to *Commercial Nat. Bank* v. *Catron,* 50 Fed. (2d) 1023, recently decided by the Circuit Court of Appeals of the Tenth Circuit. This was an action by the bank against the maker of two promissory notes executed and payable in this state. The notes were secured by deeds of trust on California real property. The only point decided by the court was that the prohibitory provisions of section 726 of the Code of Civil Procedure were procedural in nature and that the provisions of that section are binding only on the state courts and are not binding in cases in the federal courts. The federal courts have long applied this rule to mortgages (*Maxwell* v. *Ricks,* 294 Fed. 255), and so, of course, applied the same rule to deeds of trust. Although it is true that the court declared that even in California the provisions of section 726, *supra,* did not apply to deeds of trust and that a personal action could be maintained on a note secured by a deed of trust without

exhausting the security, a reading of the opinion clearly indicates that what was there said was not necessary for the decision. Even if this were not so, in such a case, the holding of the federal court, although entitled to respect and careful consideration, would not be binding or conclusive on the courts of this state. (*Crocker* v. *Scott,* 149 Cal. 575 [87 Pac. 102]; *Scott* v. *Austin,* 58 Cal. App. 643 [209 Pac. 251]; 15 Cor. Jur., p. 928, sec. 317.) We are not convinced of the error of our former decisions by the reasoning in the Catron case.

Although the question here involved has been mentioned or hinted at in other cases, we have found no cases other than those mentioned where the point was presented or discussed. It is our opinion that *Powell* v. *Patison* and *United Bank & Trust Co.* v. *Brown, supra,* the only two cases in this state where the point was directly presented, have settled this question in this state and are decisive on this appeal.

Even if the question were an open one, which, as has been pointed out, it is not, it must be held that when deeds of trust are interpreted in connection with their history in this state, there is an implied contract between the parties thereto that the land shall constitute the primary fund to secure the debt and that a valid sale under a deed of trust must be had before an action may be maintained on the note. ▮ Plaintiff argues that the only statute requiring that the security be exhausted before suing on the note is section 726 of the Code of Civil Procedure, which refers only to "mortgages", and contends that a deed of trust is not a mortgage. Plaintiff points out that in other security transactions, such as pledge (*Ehrlich* v. *Ewald,* 66 Cal. 97 [4 Pac. 1062]), mechanic's lien (*Bates* v. *Santa Barbara County,* 90 Cal. 543 [27 Pac. 438]), and vendor's lien (*Brown* v. *Kahn,* 176 Cal. 159 [167 Pac. 869]) cases, there is no such restriction placed on the creditor, and he may sue on the personal obligation before or without exhausting the security. It is contended that the same rule should be applied to deeds of trust in the absence of a prohibitory statute such as section 726, *supra.* The problem is not so easily solved. Such reasoning entirely disregards the historical development of deeds of trust in this state, a development peculiar to this state.

At early common law the usual method of hypothecating real property as security for a debt was by means of a deed absolute with an oral agreement of defeasance when and if the debt was paid. Under this doctrine "title" passed to the mortgagee. If the debtor did not pay the obligation when due, a forfeiture took place. The equity courts, however, at an early date worked out the theory of equity of redemption which permitted the mortgagor to redeem at any time after default and before foreclosure, and which required the mortgagee to foreclose to cut off this right to redeem. Under this doctrine, it is obvious that the "title" of the mortgagee before foreclosure is a limited one. The common-law courts held, however, that "title" to the property was in the mortgagee and this "title" theory of mortgages still prevails in many states. (1 Jones, Mortgages, 8th ed., chaps. 1, 2, 3.) ▇ Early in the history of this state, however, our courts and the legislature, in an attempt to express the real essence of the transaction, adopted the so-called "lien" theory of mortgages, under which the mortgagee does not get title, but simply obtains a lien. (Civ. Code, secs. 2920, 2927; *Dutton* v. *Warschauer,* 21 Cal. 609 [82 Am. Dec. 765]; *McMillan* v. *Richards,* 9 Cal. 365 [70 Am. Dec. 655].)

▇ At common law, and in most states in the absence of statute, upon default by the mortgagor, the mortgagee may sue on the note, or foreclose, or may pursue both remedies at once. The obvious injustice of this rule caused the passage of section 246 of the Practice Act, the forerunner of section 726 of the Code of Civil Procedure, which requires, in the case of a mortgage, a resort to the security before any personal liability of the mortgagor can be enforced.

▇ At common law and, in fact, in nearly every state in the United States, a deed of trust, both in legal effect and in theory, is deemed to be a mortgage with a power of sale, and differs not at all from a mortgage with a power of sale. (1 Jones, Mortgages, 8th ed., chaps. 1, 2, 3.) In Idaho, a state that has adopted nearly all of our code sections on security transactions, it has been held that a deed of trust is a mortgage with power of sale. (*Brown* v. *Bryan,* 6 Idaho, 1 [51 Pac. 995].) If California had followed this common-law rule, there would be no dispute over the question now involved. It would necessarily follow

that a deed of trust is a mortgage with a power of sale, and, therefore, within the purview of section 726, *supra*. The real difficulty is caused by the fact that the courts of this state have not followed the common-law rule. Although, as already pointed out, this state, at an early date, adopted the "lien" theory of mortgages, it adopted the "title" theory in reference to deeds of trust. In the early case of *Koch* v. *Briggs,* 14 Cal. 256 [73 Am. Dec. 651], it was held that mortgages and deeds of trust were fundamentally different in that in a mortgage only a "lien" was created, while in a deed of trust "title" actually passed to the trustee. This distinction, although frequently attacked by counsel and often criticised by the courts, has become well settled in our law and cannot now be disturbed. (*Hodgkins* v. *Wright,* 127 Cal. 688 [60 Pac. 431]; *Sacramento Bank* v. *Alcorn,* 121 Cal. 379 [53 Pac. 813]; *Kinard* v. *Kaelin,* 22 Cal. App. 383 [134 Pac. 370].) Thus we have in this state a type of instrument partaking of many of the characteristics of a mortgage, but for other purposes treated as a separate type of security. Two lines of authority have developed as a result, one group of cases emphasizing the distinctions between the two types of security, the other group emphasizing the similarity between the two. Thus it has been held that a deed of trust differs from a mortgage in that title passes to the trustee in case of a deed of trust, while, in the case of a mortgage, the mortgagor retains title; that the statute of limitations never runs against the power of sale in a deed of trust, while it does run against a mortgage; and that a mortgagor has a statutory right of redemption after foreclosure (Code Civ. Proc., sec. 702), while no such right exists under a deed of trust. (See, generally, Kidd, Trust Deeds and Mortgages in California, 3 Cal. L. Rev. 381; see, also, 12 Cal. L. Rev. 307; 20 Cal. L. Rev. 31; 5 So. Cal. L. Rev. 227.)

As opposed to these cases, there have been an increasing number of cases which, although recognizing that "title" passes in the case of a deed of trust, emphasize the fact that the function and purpose of the two types of security are identical and, for that reason, apply the same rules to deeds of trust that are applied to mortgages. These cases hold that in legal effect, although perhaps not in theory, deeds of trust are similar to mortgages with a power of sale.

Thus, in *MacLeod* v. *Moran*, 153 Cal. 97 [94 Pac. 604], the owner of property declared a homestead thereon and subsequently executed a deed of trust to said property to secure his promissory note. The question presented was whether the execution of the deed of trust passing title to the trustees constituted an abandonment of the homestead within the meaning of section 1243 of the Civil Code, providing that the "grant" of land subject to a homestead constitutes an abandonment thereof. This court, relying on the cases holding a deed absolute intended as a mortgage did not constitute a "grant" within the meaning of that section, held that the execution of a deed of trust did not constitute an abandonment. At page 99, it is stated:

"These decisions are based upon the fact that such a deed, though in form a grant, is really only a mortgage, and does not convey the fee. A trust-deed of the kind here involved differs from such a deed only in that it conveys the legal title to the trustee so far as may be necessary to the execution of the trust. It carries none of the incidents of ownership of the property, other than the right to convey upon default on the part of the debtor in the payment of his debt. The nature of such an instrument has been extensively discussed by this court, and the sum and substance of such discussion is that while the legal title passes thereunder, and the trustees cannot be held to hold a mere 'lien' on the property, it is practically and substantially only a mortgage with power of sale. (See *Sacramento Bank* v. *Alcorn*, 121 Cal. 379, 383 [53 Pac. 813]; *Tyler* v. *Currier*, 147 Cal. 31, 36 [81 Pac. 319]; *Weber* v. *McCleverty*, 149 Cal. 316, 320 [86 Pac. 706].) The legal title is conveyed solely for the purpose of security, leaving in the trustor or his successor a legal estate in the property, as against all persons except the trustees and those lawfully claiming under them. (Civ. Code, secs. 865, 866.) Except as to the trustees and those holding under them, the trustor or his successor is treated by our law as the holder of the legal title. (*King* v. *Gotz*, 70 Cal. 236 [11 Pac. 656].) The legal estate thus left in the trustor or his successors entitles them to the possession of the property until their rights have been fully divested by a conveyance made by the trustees in the lawful execution of their trust, and entitles them to exercise all the ordinary incidents of owner-

ship in regard to the property, subject always, of course, to the execution of the trust. This estate is a sufficient basis for a valid claim of homestead. It was expressly held in *King* v. *Gotz,* 70 Cal. 236 [11 Pac. 656], that the trustor may select as a homestead property covered by such a trust-deed. The estate of the trustees absolutely ceases upon the payment of the debt (Civ. Code, sec. 871), leaving the whole title in the grantor in whom it was vested at the execution of the trust-deed, or his successors, and leaving nothing in the trustees except the bare legal title of record, which they can be compelled to reconvey to the owner simply to make the record title clear. (*Tyler* v. *Currier,* 147 Cal. 31, 36 [81 Pac. 319].) We think it is apparent that the 'grant' referred to in section 1243 of the Civil Code does not include a deed given solely as security for the payment of money."

This view, that deeds of trust, except for the passage of title for the purpose of the trust, are practically and substantially only mortgages with a power of sale, in addition to the cases cited in the above opinion, has many times been recognized in other decisions. (See *Hodgkins* v. *Wright, supra,* and *Bayer* v. *Hoagland, supra,* and cases cited therein.)

It has also been held that a deed of trust is an encumbrance within the meaning of the mechanics' lien laws. Thus, although "title" passes to the trustee, he has not such an interest as to require him to give notice of nonresponsibility under those laws. (*Hollywood Lumber Co.* v. *Love,* 155 Cal. 270 [100 Pac. 698].)

██ Sufficient has been said to indicate the anomalous nature of deeds of trust in this state. Considering all these cases, we do not feel justified in holding, merely because "title" passes by a deed of trust while only a "lien" is created by a mortgage, that, in reference to the necessity of exhausting the security before enforcing the obligation secured, deeds of trust and mortgages are so different that in one case the security must be exhausted before suit on the personal obligation, while, in the other, no such necessity exists. Fundamentally, it cannot be doubted that in both situations the security for an indebtedness is the important and essential thing in the whole transaction. The economic function of the two instruments would seem to be identical. Where there is one and the same object to be

accomplished, important rights and duties of the parties should not be made to depend on the more or less accidental form of the security. The very fact that in the seventy-four years since the decision in *Koch* v. *Briggs, supra,* was rendered, holding that "title" passed to the trustees in case of a deed of trust, it has never been held that a personal action may be brought on a note so secured, without exhausting the security, is persuasive that no such liability existed. (15 Cor. Jur. 916, sec. 303.) It should also be mentioned that, although in many states, in the absence of a statutory prohibition such as section 726 of the Code of Civil Procedure, an action may be brought on a note secured by a mortgage without exhausting the security, that rule, as a matter of policy, is strictly limited. Thus, it is well settled, when a mortgagor sells the mortgaged premises to a third person who assumes the debt, that before the mortgagee can enforce the personal liability on the note, he must first exhaust the security. This result is usually predicated upon the theory that, in such event, the parties have impliedly agreed that the land itself is the primary fund to satisfy the mortgagee. (See *Farmers & Merchants' State Bank* v. *Cameron,* (Tex. Com. App.) [231 S. W. 738]; *Sanderson* v. *Turner,* 73 Okl. 105 [174 Pac. 763, 2 A. L. R. 347], and cases cited.)

Considering all these factors, and particularly the anomalous nature of deeds of trust in this state, it must be held that, either by reason of implied agreement or by reason of public policy, the holder of a note secured by a deed of trust must first exhaust the security before resorting to the personal liability of the trustor.

■ Plaintiff contends that under the circumstances this action must be deemed one to "keep the obligation of the note alive" until it could sell under the deed of trust. As already indicated, neither the complaint nor the amended complaint pleaded any such theory. Moreover, it is elementary that under our system there is no such thing as filing an action to keep an obligation alive, unless at the time of filing the complaint a cause of action existed. Every complaint is predicated upon the theory that the plaintiff therein is entitled to judgment at the time of its filing. The plaintiff likewise contends that to hold that the security must first be exhausted before suit can be had on the note

necessarily results in diminishing the four-year period of the statute of limitations by the time it takes to sell under the deed of trust, approximately four months. It is not certain that this result necessarily follows. It is possible that if plaintiff herein had pursued the proper remedy, it could have secured relief. It may be that in a proper case a court, upon proper application in equity, would take complete jurisdiction of the entire dispute, order the trustee to sell under the power and, if the security were inadequate, grant a deficiency judgment. Likewise, as already intimated, the same result might be reached by an action to judicially foreclose the deed of trust. Plaintiff has not seen fit to pursue either of these courses, so that neither of the two possibilities above suggested is involved on this appeal. Even if it be ultimately decided that neither of the above remedies is available to a trustee or beneficiary, and, as a result, the action must be commenced within three years and eight months instead of four years, the trustee and beneficiary have no just cause for complaint. ▮ By consenting to the contract, they must be deemed to have contracted with the reduced time in mind. (*Hunt* v. *Ward,* 99 Cal. 612 [34 Pac. 335, 37 Am. St. Rep. 87].)

For the foregoing reasons, the judgment appealed from is affirmed.

Preston, J., Curtis, J., Waste, C. J., and Tyler, J., *pro tem.*, concurred.

Langdon, J., deeming himself disqualified, did not participate herein.

Rehearing denied.