**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MOSS C. CABALLERO, suing individually, on behalf of the general public and on behalf of all others similarly situated,<br><br>               Plaintiff - Appellant,<br><br>  v.<br><br>BANK OF AMERICA, a National Association; et al.,<br><br>               Defendants - Appellees. | No. 10-17818<br><br>D.C. No. 5:10-cv-02973-LHK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Lucy Koh, District Judge, Presiding

Argued and Submitted February 13, 2012
San Francisco, California

Before: GRABER, BERZON, and TALLMAN, Circuit Judges.

Plaintiff Moss Caballero appeals from the district court's dismissal on the

pleadings of this diversity action against Defendants Bank of America, Federal

National Mortgage Association, NDex West, LLC, and Does 1-100. Reviewing de

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

novo the interpretation of state law, <u>Lahoti v. Vericheck, Inc.</u>, 636 F.3d 501, 505 (9th Cir. 2011), we affirm.

The district court correctly held that California Civil Code section 2932.5 does not apply to deeds of trust. After the district court issued its decision, the California Court of Appeal reached the same conclusion in a thorough and well-reasoned decision, and the California Supreme Court denied review. <u>Calvo v. HSBC Bank USA, N.A.</u>, 130 Cal. Rptr. 3d 815 (Ct. App. 2011), <u>rev. denied</u> (Cal. S. Ct. Jan. 4, 2012). For the reasons stated in <u>Calvo</u> and the many district-court decisions that have reached the same conclusion, <u>e.g.</u>, <u>Roque v. Suntrust Mortg., Inc.</u>, No. 09-00040, 2010 WL 546896 (N.D. Cal. 2010) (order), we find no "convincing evidence" that the California Supreme Court would hold that California Civil Code section 2932.5 applies to deeds of trust. <u>See</u> <u>Hayes v. County of San Diego</u>, 658 F.3d 867, 870 (9th Cir. 2011) (order) ("In deciding an issue of state law, when there is relevant precedent from the state's intermediate appellate court, the federal court must follow the state intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it." (internal quotation marks omitted)).

**AFFIRMED.**