In re James L. MACKLIN, Debtor.

James L. Macklin, Plaintiff,

v.

Deutsche Bank National Trust Co., Defendant.

Bankruptcy No. 10–44610–E–7.
Adversary No. 11–2024.
Docket Control No. DJH–2.

United States Bankruptcy Court,
E.D. California.

May 24, 2013.

Daniel J. Hanecak, Sacramento, CA, for Plaintiff.

Robert A. Bleicher, John C. Crawford, Burlingame, CA, for Defendant.

## MEMORANDUM OPINION AND DECISION

RONALD H. SARGIS, Bankruptcy Judge.

Plaintiff–Debtor, James L. Macklin ("Plaintiff"), moves the court for summary judgment or summary adjudication pursuant to Federal Rule of Civil Procedure 56, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056. Plaintiff asserts that there is no genuine issue as to any material fact and that judgment may be granted as a matter of law.

The dispute before the court in this Adversary Proceeding relates to a non-judi-

cial foreclosure sale conducted in December 2009 and the rights and interests arising from that sale. In April 2006, Plaintiff borrowed $532,000.00 from Accredited Home Lenders, Inc. ("Lender") which was secured by a deed of trust ("Deed of Trust") to purchase real property commonly known as 10040 Wise Road, Auburn, California (the "Property"), for $532,000.00. The $532,000.00 Note dated April 14, 2006, and an undated allonge signed by a Scott T. Stevens, identified as an Assistant Secretary of Accredited Home Lenders, Inc., endorsing the Note to "Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006–2 Asset Backed Notes" ("Allonge") have been presented to the court. Note, Defendant's Exhibit A, Dckt. 318 at 5; Allonge, *Id.* and Plaintiff's Exhibit C, Dckt. 308 at 12.[1] Defendant Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006–2 Asset Backed Notes ("Defendant") asserts that it was the holder of the Note and pursuant to the Deed of Trust conducted a non-judicial foreclosure sale in December 2009 ("Trustee's Sale"). Plaintiff disputes that Defendant was the holder of the Note and that Defendant had the right to have a foreclosure sale conducted in December 2009. Further, Plaintiff contends that any foreclosure sale conducted by or at the directive of Defendant was defective and failed to transfer title from Plaintiff to Defendant.

Plaintiff alleges that the Defendant failed to comply with California Civil Code § 2932.5[2] because an Assignment of Deed of Trust, bearing an effective date of November 17, 2009, was recorded by Defendant November 30, 2009. It is further asserted that a substitution of trustee under the Deed of Trust, which contains an effective date of August 9, 2009, was subsequently recorded on November 25, 2009 (five days after recording the Substitution of Trustee). Pls.' Mem. 4:21–27, 5:1. Plaintiff asserts that executing and recording of the Substitution of the Trustee before the Assignment of the Deed of Trust was effective and recorded, renders the Substitution of Trustee and the subsequent non-judicial foreclosure sale invalid.

Plaintiff's Memorandum of Points and Authorities argues that even if § 2932.5 does not apply to the Deed of Trust and Substitution of Trustee, the evidence does not show that Defendant owned the Note (or had the right to enforce the Note) at the time the trustee was substituted and the trustee's deed from the foreclosure was recorded December 21, 2009. The Trustee's Deed is dated December 15, 2009, and states that the trustee's sale occurred on December 14, 2009. Pls.' Ex. D, Dckt. 308 at 15.

Plaintiff asserts that the allonges to the Note are undated and do not evidence ownership of the Note or the ability to exercise rights under the Note and Deed of Trust at the time of the purported substitution of the trustee. It is contended that this renders the foreclosure and purported trustee's deed from the sale void.

**Defendant's Opposition**

Defendant argues that the court should deny Plaintiff's Motion as to the wrongful foreclosure and quiet title claims because

---

1. Plaintiff also presents a second allonge, which is undated, does not name the payee to whom it is to be transferred, and is not signed, but merely has a squiggle in the shape of a handwritten printed "S" tilted 45 degrees to the left.

2. Unless otherwise stated, all reference to a code section, such as § 2932.5, is to the California Civil Code.

any technical irregularities in the timing of the execution and recordation of the foreclosure documents were immaterial, nonprejudicial, and were cured prior to the Trustee's Sale. Further, Defendant asserts that none of the foreclosure documents at issue in this case are facially defective and that the California Court of Appeal in the unlawful detainer action between these parties confirmed that the non-judicial foreclosure of Plaintiff's property complied with California law.

Defendant cites to several decisions for the proposition that questions regarding the timing of executed and recorded substitutions of trustee and deed of trust assignments, issues related to authority surrounding those transactions, and the content of deeds of trust do not invalidate a non-judicial foreclosure that meets the requirements of §§ 2924 to 2924k. Defendant asserts that the Substitution of Trustee recorded on November 25, 2009, was after the execution of the assignment of the Deed of Trust to Defendant. Further, Defendant states that both the Substitution of Trustee and Assignment of Deed of Trust were recorded before the trustee's sale conducted on December 14, 2009. Defendant argues that once the Substitution of Trustee was recorded, it is conclusive evidence of the authority of the substitute trustee to act. Defendant contends that there is a permissible reasonable inference that the effective date of transfer predated November 17, 2009, and thus, defeats Plaintiff's Motion for Summary Judgment.

Defendant also argues that § 2932.5 does not apply to deeds of trust. Defendant asserts that even if the section does apply to deeds of trust, the non-judicial foreclosure sale on Plaintiff's residence was valid based on the Assignment of the Deed of Trust being recorded prior to the December 14, 2009 non-judicial foreclosure sale.

Additionally, Defendant argues that a post-foreclosure attack on a substitution of trustee constitutes an attack on the foreclosure sale, and thus subject to the "tender rule" and "prejudice rule." As Plaintiff failed to tender and was not prejudiced by any purported irregularities in the foreclosure sale, Defendant argues that the Motion should be denied. Defendant states that because Plaintiff failed to tender the indebtedness, his quiet title cause of action fails.

Lastly, Defendant requests that the court enter judgment in its favor and against Plaintiff. Defendant argues a court may *sua sponte* grant summary judgment against the moving party where there is no genuine issue of material fact, even though no cross-motion has been filed. Defendant asserts there is no dispute as to the material facts and judgment may be made as a matter of law in its favor.

**Plaintiff's Reply**

Plaintiff replies, asserting no material facts exist disputing that 1) the sale process was defective and void and 2) Defendant willfully and knowingly dispossessed Plaintiff of his property based upon a void foreclosure sale. Plaintiff contends that Defendant fails to provide sufficiently probative facts leading to the reasonable inference that it was the holder of Plaintiff's Note when directing the Substitution of Trustee.

Plaintiff argues that through the Internal Revenue Code, the Uniform Commercial Code, and California law, it is "clear" that there is no evidence to show ownership before Defendant directed the execution of the Substitution of Trustee. Plaintiff cites *In re Kemp*, 440 B.R. 624 (Bankr. D.N.J.2010) to support his argument. Furthermore, Plaintiff argues that the allonges provided by Defendant are devoid of times, dates or authority of the party

executing these endorsements and that Defendant has failed to show ownership of the Note when it directed the execution of the Substitution of Trustee.

## JURISDICTION

Jurisdiction for this Adversary Proceeding exists pursuant to 28 U.S.C. §§ 1334 and 157(a), and the referral of bankruptcy cases and all related matters to the bankruptcy judges in this District. E.D. Cal. Gen. Order 182, 223. This Adversary Proceeding is a related to matter, for which the Plaintiff and Defendant have requested relief from this Bankruptcy Court in the present Motion for Summary Judgment. The Second Amended Complaint alleges that this is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(B) and (b)(2)(K), and additionally Plaintiff consents to the entry of all orders and judgments by the bankruptcy court. Second Amended Complaint ¶ 2. In its Opposition and Request for Entry of Summary Judgment, Defendant requests that this bankruptcy court enter judgment in favor of Defendant. Opposition Pg. 19:3–11. The parties have consented to the entry of final orders and judgment by the bankruptcy judge.

## ADVERSARY PROCEEDING AND PLAINTIFF'S BANKRUPTCY CASE BACKGROUND

Plaintiff commenced his Chapter 13 bankruptcy case on September 16, 2010. The bankruptcy case was subsequently converted to a one under Chapter 7. Defendant thereafter sought relief from the automatic stay (11 U.S.C. § 362(a)) to enforce its rights and interests in the Property. After two hearings and permitting Plaintiff to offer supplemental arguments and evidence in opposition, the court granted relief from the automatic stay by an order entered on February 4, 2011. The 14–day stay of enforcement provided by Federal Rule of Bankruptcy Procedure 4001(a)(3) expired on Friday, February 18, 2011.

Plaintiff filed this adversary proceeding on January 13, 2011. The initial complaint sought (1) to determine the nature, extent, and validity of any lien held by Defendant, (2) to determine that the underlying note has been satisfied or converted to unsecured debt, (3) damages for Defendant's purported violation of the Truth–in–Lending Act by failing to notify Plaintiff that it obtained an interest in the mortgage loan, (4) a declaration that the assignments of the trust deeds were a fraudulent conveyance, (5) damages for libel, and (6) to quiet title to the Property. Plaintiff prayed for $1 million in general damages, $750,000.00 special damages, punitive damages, attorneys' fees and costs, an order quieting title in the property in his favor, and other just relief. On April 7, 2011, Defendant filed a Motion to Dismiss. Dckt. 71. The court granted the Motion to Dismiss by order entered on May 20, 2011, with leave to amend. Dckt. 97.

Plaintiff then filed the First Amended Complaint ("FAC") on June 17, 2011. Dckt. 120. The FAC asserted ten causes of action: (1) Violations of the Truth–in–Lending Act; (2) Violations of the Real Estate Settlement Procedures Act; (3) Violation of the Fair Credit Report Act; (4) Fraud; (5) Unjust Enrichment; (6) Violation of Racketeer Influenced and Corrupt Organizations Act; (7) Violation of California Business & Professions Code § 17200; (8) Breach of Trust Instrument; (9) Wrongful Foreclosure; and (10) Quiet Title. The court granted Defendant's Motion to Dismiss on the first eight causes of action, leaving only the Wrongful Foreclosure and Quiet Title causes of action, which are the subject of this motion. Dckt. 222.

### Ruling on Motion to Dismiss First Amended Complaint

The court has previously addressed various claims and issues asserted in the First

Amended Complaint concerning alleged defects in the securitized loan portfolio industry, claims asserting defects in Defendant's claim of ownership arising under tax and partnership laws, and asserted satisfaction of the Note by persons purchasing certificates in the trust which is identified as the entity owning the Note at the time of the foreclosure. The detailed analysis and each basis for dismissing each of the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action are provided in this court's Memorandum Opinion and Decision on Motion to Dismiss Adversary Proceeding (Docket Control No. RAB–4), filed on February 16, 2012. Dckt. 221.

The court addressed various contentions that the Defendant did not have a Note and Deed of Trust to enforce. Memorandum Decision and Opinion on the Preliminary Injunction, Dckt. 98. The court also addressed in the same opinion Plaintiff's contentions concerning the transfer of the Note to Defendant, noting that at the hearing Plaintiff did not provide a basis for the court to question whether the copy of the Note and Allonge provided by Defendant was not an accurate copy of the original documents. *Id.;* Fed.R.Evid. 1003. As before, Defendant stands before this court holding a Note and the undated Allonge transferring the Note to Defendant. The Parties continue to focus on the Note, Allonge, and documents recorded with Placer County, offering little other evidence in the form of declarations or discovery concerning the Note and Allonge. As previously addressed by the court, the execution or recording of the Assignment of the Deed of Trust [3] to the Defendant does not dictate when Defendant acquired the Note or whether it was entitled to enforce the Note and the Deed of Trust as of the November 2009 substitution of trustee and December 2009 non-judicial foreclosure sale.[4]

The court did not dismiss the Ninth Cause of Action alleging wrongful foreclosure and the Tenth Cause of Action to Quiet Title (based on the alleged wrongful

---

**3.** An assignment of a deed of trust executed by "Mortgage Electronic Registration Systems, Inc., as Nominee for Accredited Home Lenders, Inc." assigning the Deed of Trust to Defendant, dated November 17, 2009, and with an illegible date for the notary's certification ("Assignment of Deed of Trust") has been presented by the parties. Def.'s Ex. I, Dckt. 318 at 64; Pl.'s Ex. B, Dckt. 308 at 8. The Assignment of the Deed of Trust was recorded on November 30, 2009.

**4.** A "Person entitled to enforce" an instrument means: (a) the holder of the instrument, (b) a non-holder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to 3309 or 3418(d). Cal. Com.Code § 3301 (2010); *In re Lee*, 408 B.R. 893 (Bankr.C.D.Cal.2009), *In re Vargas*, 396 B.R. 511 (Bankr.C.D.Cal.2008).

A holder of a note can enforce that note, even if it is in wrongful possession of the note (i.e., they found or stole the note), when that note has been endorsed in blank or to bearer. Cal. Com.Code §§ 3205(b), 3301. Also, a person may be a holder of a note (and so have standing to do things like bringing a relief from stay motion) even if that person already sold the loan to someone else. *In re Hwang*, 438 B.R. 661 (C.D.Cal.2010); Cal. Com.Code § 1201(b)(21).

In 2011, the Ninth Circuit Court of Appeals addressed this note-deed of trust issue in *Cervantes v. Countrywide Home Loans, Inc. et al.*, 656 F.3d 1034 (9th Cir.2011). The court addressed the general proposition that notes and deeds of trust remain together as a matter of law, with it being the right of the note owner to exercise the power under the deed of trust.

It is well-established law in California that a deed of trust does not have an identity separate and apart from the note it secures. "The note and the mortgage are inseparable; the former as essential, the later as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." *Carpenter v. Longan*,

foreclosure). The court allowed the Plaintiff to preserve this Ninth Cause of Action based on the. provisions of § 2932.5 providing that a mortgagee with a power of sale is allowed to exercise that power only after recording an assignment of the mortgage. The court interpreted this Ninth Cause of Action as one in which Plaintiff asserts that the Defendant has not exercised its rights consistent with the contractual and statutory obligations relating to the Deed of Trust.

## EVIDENCE PRESENTED FOR THE SUMMARY JUDGMENT MOTION

Various documents and two declarations have been presented to the court for this Motion for Summary Judgment. Pursuant to the court's June 4, 2012 Scheduling Order, non-expert witness discovery closed on October 15, 2012, and expert witness discovery closed on January 31, 2013. From the January 13, 2011 commencement of this Adversary Proceeding, the Parties were able to conduct discovery over a 24-month period. After allowing for such extensive discovery, the court believes that the Parties have presented the best evidence they have on the issues in this dispositive motion now before the court.

| Document | |
|---|---|
| **Substitution of Trustee** | Date Executed: August 21, 2009 |
| Plaintiff Exhibit A, Dckt. 308 at 4–6. | Date Notarized: August 21, 2009 |
| | Date Recorded: November 25, 2009 |
| | Substitute Trustee: Quality Loan Service |
| | Person Executing Substitution: Wayne Hessler, as the Duly Appointed Officer for "Deutsche Bank National Trust Company, as Indentured Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006–2 Asset Backed Notes by Select Portfolio Servicing, Inc as Attorney in Fact." |
| | Identified Beneficiary: "Deutsche Bank National Trust Company, as Indentured Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006–2 Asset Backed Notes." |
| **Corporate Assignment of Deed of Trust** | Dated: November 17, 2009. |
| Plaintiff Exhibit B, Dckt. 308 at 8–9. | Date Notarized: November [illegible] 7, 2 [illegible]. Certificate of Illegibility attached dated November 20, 2009. |
| Defendant's Exhibit H, Dckt. 318 at 64–65 | Date Recorded: November 30, 2009. |
| | Assignor of Deed of Trust: "Mortgage Electronic Registration Systems, Inc., as Nominee for Accredited Home Lenders, Inc." |
| | Assignee of Deed of Trust: "Deutsche Bank National Trust Company, as Indentured Trustee, on behalf of the holders of |

16 Wall. 271, 83 U.S. 271, 274, 21 L.Ed. 313 (1872); *accord Henley v. Hotaling*, 41 Cal. 22, 28 (1871); *Seidell v. Tuxedo Land Co.*, 216 Cal. 165, 170, 13 P.2d 686 (1932); Cal. Civ. Code § 2936. Therefore, if one party receives the note and another receives the deed of trust, the holder of the note prevails regardless of the order in which the interests were transferred. *Adler v. Sargent*, 109 Cal. 42, 49–50, 41 P. 799 (Cal.1895).

| | |
|---|---|
| | the Accredited Mortgage Loan Trust 2006–2 Asset Backed Notes." |
| **Allonges to Note**<br>Plaintiff Exhibit C, Dckt. 308 at 11–13. | Date of First Allonge Exhibit, Pg. 11: Undated |
| | Identified Mortgagee: James Lee Macklin |
| | Loan No. xxxxxx7230 Address: 10040 Wise Road, Auburn, California |
| | Pay to the Order of: "[illegible]" |
| | Person Signing: "[no signature]" for person identified as "Assistant Secretary, Accredited Home Lenders, Inc." |
| | Date of Second Allonge Exhibit, Pgs. 12–13: Undated |
| | Identified Mortgagee: James Lee Macklin |
| | Loan No. xxxxxx7320 |
| | Address: 10040 Wise Road, Auburn, California |
| | Pay to the Order of: "Deutsche Bank National Trust Company, as Indentured Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006–2 Asset Backed Notes." |
| | Person Signing: Scott T. Stevens, "Assistant Secretary, Accredited Home Lenders, Inc." |
| **Promissory Note**<br>Defendant's Exhibit A, Dckt. 318 at 5–10. | Parties to Note<br> Lender: Accredited Home Lenders, Inc.<br> Promisor to Pay on Note: James Len Macklin<br> Secured Note: Deed of Trust, of same date as note, given to secure obligation under Note. |
| | Date of Note: April 14, 2006 |
| | Allonge to Note Included as Part of Exhibit A<br> Undated<br> Identified Mortgagee: James Lee Macklin<br> Loan No. xxxxxx7320<br> Address: 10040 Wise Road, Auburn, California<br> Pay to the Order of: "Deutsche Bank National Trust Company, as Indentured Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006–2 Asset Backed Notes."<br> Person Signing: Scott T. Stevens, "Assistant Secretary, Accredited Home Lenders, Inc."<br>Same document as Allonge presented a Plaintiff's Exhibit C, at pgs. 12–13. |
| **Deed of Trust**<br>Defendant's Exhibit C, Dckt. 318 at 26–42. | Date of Deed of Trust: April 14, 2006 |
| | Date Notarized: April 19, 2006 |
| | Date Recorded: April 28, 2006 |
| | Borrower/Trustor: James Len Macklin |
| | Lender/Payee: Accredited Home Lenders, Inc. |
| | Beneficiary: Mortgage Electronic Registration Systems, Inc. as the "nominee for Lender and Lender's successors and assigns." |
| | Trustee: Financial Title Company |
| | Obligation Secured: Note in the amount of $532,000.00 by James Len Macklin to Accredited Home Lenders, Inc. and related obligations. |

| | Description of Real Property Securing Note: 10040 Wise Road, Auburn, California, Legal Description attached to Deed of Trust, and APN 040–040–046. |
|---|---|
| **Deposition Transcript** | Excerpts of Testimony |
| October 15, 2012 Deposition of Plaintiff | Last payment made by Plaintiff on Note secured by Deed of Trust was in September or October 2008. Plaintiff believed that the "loan itself was invalid." |
| Defendant's Exhibit B, Dckt. 318 at 12–24. | Plaintiff believes that the Note was false. |
| | No payments were made after the Notice of Default was given. |
| | Plaintiff states that he could have made the payments. |
| **Substitution of Trustee** | Dated: January 1,2008 |
| Defendant's Exhibit E, Dckt. 318 at 48–50 | Date Notarized: March 4, 2009 |
| | Date Recorded: March 10, 2009 |
| | Executed by: "Mortgage Electronic Registration Systems, Inc., as Nominee for Accredited Home Lenders, Inc.," by Joseph Sanfilippo. |
| | Substitute Trustee: Windsor Management Co. |
| | Identified Beneficiary: "Mortgage Electronic Registration Systems, Inc., as Nominee for Accredited Home Lenders, Inc.," |
| **Notice of Default** | Dated: December 4, 2008 |
| Defendant's Exhibit D, Dckt. 318 at 44–46 | Recorded: December 8, 2008 |
| | Signed by: "Windsor Management Co., as Agent for Beneficiary, By: LSI Title Company, by Cathy Garcia." |
| | Beneficiary: |
| | To Determine Amount to be Paid, Arrange Payment to Stop Foreclosure, or Concerning the Foreclosure, Contact: "Accredited Home Lenders, Inc., C/O Windsor Management Co." |
| Notice of Trustee's Sale | Dated: March 9, 2009 |
| Defendant's Exhibit F, Dckt. 318 at 52–53 | Recorded: March 10, 2009 |
| | Date of Sale: March 30, 2009 |
| | Signed by: Windsor Management Co., by Cindi Steward. |
| | Identified Deed of Trust: Recorded April 28, 2006, James Len Macklin Trustor, Instrument No. 2006–0046431 APN 040–040–046–000 |
| | Property Address: 1004 Wise Road, Auburn, California. |
| | Unpaid Balance and Charges: $561,690.43 |
| **Substitution of Trustee** | Dated: August 21, 2009 |
| Defendant's Exhibit G, Dckt. 318 at 55 | Notarized: August 21, 2009 |
| | Recorded: November 25, 2009 |
| | Executed by: Wayne Hessler, as the Duly Appointed Officer for "Deutsche Bank National Trust Company, as Indentured Trustee, on behalf of the holders of the Accred- |

| | |
|---|---|
| | ited Mortgage Loan Trust 2006–2 Asset Backed Notes by Select Portfolio Servicing, Inc as Attorney in Fact." |
| | Substitute Trustee: Quality Loan Service |
| | Identified Beneficiary: "Deutsche Bank National Trust Company, as Indentured Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006–2 Asset Backed Notes." |
| **Notice of Trustee's Sale**<br>Defendant's Exhibit G, Dckt. 318 at 60–62 | Dated: November 11, 2009 |
| | Recorded: November 25, 2009 |
| | Date of Sale: December 14, 2009 |
| | Signed by: "Quality Loan Service Corp., by Lee Paschen, Authorized Agent." |
| | Identified Deed of Trust: Recorded April 28, 2006, James Len Macklin Trustor, Instrument No. 2006–0046431 APN 040–040–046–000 |
| | Property Address: 1004 Wise Road, Auburn, California. |
| | Unpaid Balance and Charges: $577,103.98 |
| **Trustee's Deed Upon Sale**<br>Plaintiff's Exhibit D, Dckt. 308 at 15–16<br>Defendant's Exhibit I, Dckt. 318 at 67–68 | Dated: December 15, 2009 |
| | Date Notarized: December 17, 2009 |
| | Date Recorded: December 21, 2009 |
| | Trustee Executing Deed: Quality Loan Service Corporation, by "Karla Sanchez, Assistant Secretary." |
| | Grantee: "Deutsche Bank National Trust Company, as Indentured Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2006–2 Asset Backed Notes," identified as the beneficiary under the deed of trust. |
| | Identified Deed of Trust For Sale:<br> Executed by James Len Macklin<br> Dated April 14, 2006<br> Recorded April 28, 2006 |

The Plaintiff has provided his declaration, Dckt. 308, testifying in relevant part to the following in connection with this Motion for Summary Judgment:

A. "At the time of recording the instrument (Substitution of Trustee, Plaintiff's Exhibit A), DEUTSCHE BANK NATIONAL TRUST CO., AS INDENTURED TRUSTEE FOR THE ACCREDITED MORTGAGE LOAN TRUST 2006–2 ASSET–BACKED NOTES ... did not have any record of assignment on the public record or any documented interest." Declaration ¶ 4.

The attorney for Defendant, J. Craig Crawford, provides his Declaration, Dckt. 315, testifying in relevant part to the following in connection with this Motion for Summary Judgment:

A. "I personally appeared at the hearing on the [Plaintiff's] Motion for Preliminary [In]Junction in this Court on March 17, 2011. At the hearing, I produced an original copy of the Note and affixed Allonge singed by [Plaintiff]. A true and correct copy of this Note and Allonge is attached as *Exhibit A* to the Exhibits in Opposition to Sum-

mary Judgment. Declaration ¶ 2 (Emphasis in Original.)

B. Mr. Crawford authenticates the Deposition Transcript filed as Exhibit B by Defendant.

Plaintiff has framed the undisputed facts for this Motion to be the following:

A. "On August 8, 2009, [Defendant] directed the execution of a 'Substitution of Trustee.' The instrument was recorded on November 25, 2009." Basis for undisputed fact, Declaration of James Macklin ¶ 2 and Exhibit A.

B. "On November 17, 2009, [Defendant] directed the execution of an 'Assignment of Deed of Trust. This instrument was recorded on November 30, 2009." Basis for undisputed fact, Declaration of James Macklin ¶ 3 and Exhibit B.

C. "[Defendant] has no interest in the Note and deed of trust by assignment at the recording of the Substitution of Trustee." Basis for undisputed fact, Declaration of James Macklin ¶ 4 and Exhibits A and B.

D. "[Defendant] has produced two separate and undated allonges with no evidence as to date of transfer." Basis for undisputed fact, Declaration of James Macklin ¶ 5 and Exhibit C.

E. "On December 21, 2009, [Defendant] caused to be recorded a Trustee's Deed Upon Sale." Basis for undisputed fact, Declaration of James Macklin ¶ 6 and Exhibit D.

F. "On December 12, 2011, [Defendant] willfully dispossessed Plaintiff of his Property to which he had lawful possession and right to title." Basis for undisputed fact, Declaration of James Macklin ¶ 2.

Plaintiff's Statement of Undisputed Facts, Dckt. 309.

At this juncture the court notes that many of the "undisputed facts" asserted by Plaintiff are actually his own personal conclusions of law based upon his review of the undisputed evidence presented by the Parties. Plaintiff's reading of the Assignment of the Deed of Trust and Substitution of Trustee, results in his legal determination that. Defendant had no interest in the Note. Plaintiff shows no basis for having any personal knowledge of what Defendant did or did not do with respect to the Note, Allonge, Assignment of Deed of Trust, and Substitution of Trustee, but only draws conclusions in his declaration from the undisputed documents.

**SUMMARY JUDGMENT STANDARD**

In an adversary proceeding, summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a), *incorporated by* Fed. R. Bankr.P. 7056. The key inquiry in a motion for summary judgment is whether a genuine issue of material fact remains for trial. Fed.R.Civ.P. 56(c), *incorporated by* Fed. R. Bankr.P. 7056; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 56.11[1][b] (3d ed. 2000).

"[A dispute] is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute [over a fact] is 'material' only if it could affect the outcome of the suit under the governing law." *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 707 (9th Cir.2008) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The party moving for summary judgment bears the burden of showing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To support the assertion that a fact cannot be genuinely disputed, the moving party must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A), *incorporated by* Fed. R. Bankr.P. 7056.

In response to a properly submitted motion for summary judgment, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine dispute for trial. *Barboza*, 545 F.3d at 707 (*citing Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir.2002)). The nonmoving party cannot rely merely on allegations or denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery materials, to show that a dispute exists. *Id.* (*citing Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir.1991)). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In ruling on a summary judgment motion, the court must view all of the evidence in the light most favorable to the nonmoving party. *Barboza*, 545 F.3d at 707 (*citing County of Tuolumne v. Sonora Community Hospital*, 236 F.3d 1148, 1154 (9th Cir.2001)). The court "generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented." *Agosto v. INS*, 436 U.S. 748, 756, 98 S.Ct. 2081, 56 L.Ed.2d 677 (1978). "[A]t the summary judgment stage[,] the judge's function is not himself to weigh the evidence and determine the truth of the matter[,] but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

## PLAINTIFF HAS NOT ESTABLISHED HIS RIGHT TO SUMMARY JUDGMENT

The court has before it requests for summary judgment asserted by both the Plaintiff and Defendant. Neither provides conflicting evidence with respect to a material fact. Rather, both sides argue what conclusions of law should be made from this undisputed universe of evidence presented to the court. The court begins with Plaintiff's request for summary judgment.

As articulated at the hearing on this Motion for Summary Judgment, Plaintiff contends that the evidence is insufficient to show that Defendant was assigned, and had the right to enforce, the Note when it substituted the trustee under the Deed of Trust and that the substitute trustee conducted a wrongful non-judicial foreclosure sale in December 2009. The Plaintiff does not provide responses to requests for admissions or interrogatories, or a transcript of a deposition where the representative of Defendant was questioned on this point.

### California Civil Code § 2932.5

Plaintiff asserts that the foreclosure sale was improper and that Defendant has failed to comply with California law governing the procedure for a non-judicial foreclosure sale. The main issue Plaintiff brings before the court is whether Defendant properly foreclosed pursuant to the California Civil Code—focusing on how Defendant substituted the trustee and how the substitute trustee noticed the sale which was conducted in December 2009. The Substitution of Trustee is dated August 21, 2009 and recorded on November

25, 2009. The Corporate Assignment of the Deed of Trust is dated November 17, 2009 and recorded November 30, 2009.

Pursuant to § 2932.5, where a power of sale for real property is given to a mortgagee or other encumbrancer to secure an obligation, such power of sale may be exercised by the assignee who is entitled to receive payment of the obligation "if the assignment is duly acknowledged and recorded." If the assignment has not been recorded, then the power cannot be exercised. Here, the execution and recording of the Substitution of Trustee and Assignment of Deed of Trust is out of the chronological sequence provided in § 2932.5, if the court first finds this section is applicable to deeds of trust.

The majority of courts addressing this issue have held that the recording requirements in § 2932.5 apply only to mortgages and not to deeds of trust. *In re Marks*, 2012 WL 6554705, 2012 Bankr.LEXIS 5788 (9th Cir. BAP 2012); *see also Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App.4th 118, 130 Cal.Rptr.3d 815, 819 (Cal. Ct.App.2011), rev. denied (Cal. Jan. 4, 2012) ("The rule that section 2932.5 does not apply to deeds of trust is part of the law of real property in California."); *In re Salazar*, 470 B.R. 557, 560 (S.D.Cal.2012) ("the Court finds that § 2932.5 does not apply to deeds of trust."); *Lindsay v. America's Wholesale Lender*, 2012 U.S. Dist. LEXIS 4071, 2012 WL 83475, at *2 (C.D.Cal. Jan. 10, 2012) ("Section 2932.5 'does not require the recordation of an assignment of beneficial interest for a deed of trust, as opposed to a mortgage.'"); *Yau v. Deutsche Bank Nat'l Trust Co. Americas*, 2011 U.S. Dist. LEXIS 138584, 2011 WL 5402393, at *9 (C.D.Cal. Nov. 8, 2011) ("[Section 2932.5] does not apply where the power of sale is set forth in a deed of trust. Section 2932.5 applies only to mortgages that give a power of sale to the creditor, not to deeds of trust which grant a power of sale to the trustee.") The Ninth Circuit has very recently held similarly in an unpublished decision, concluding that the California Supreme Court would find no convincing evidence that the § 2932.5 applies to deeds of trust. *Caballero v. Bank of Am.*, 468 Fed.Appx. 709, 710 (9th Cir. 2012).

This court had concerns regarding these recent decisions in light of the long standing California Supreme Court ruling in *Bank of Italy Nat. Trust & Sav. Assn. v. Bentley*, 217 Cal. 644, 20 P.2d 940 (Cal. 1933). In *Bank of Italy*, the California Supreme Court discusses that California adopted a lien theory of mortgages and a title theory for deeds of trust. This has led to two lines of legal theory from the California Supreme Court for obligations secured by real property. One line of cases emphasizes the differences, with a transfer of title to the real property to the trustee; *Bateman v. Burr*, 57 Cal. 480, 482 (Cal.1881), and the other recognizes that the deed of trust creates a lien with a power of sale, substantially similar to a mortgage with a power of sale, *Sacramento Bank v. Alcorn*, 121 Cal. 379, 383, 53 P. 813 (Cal.1898). The California Supreme Court states that deeds of trust, except for the passage of title for the purpose of the trust, are practically and substantially only mortgages with a power of sale. *Bank of Italy*, 217 Cal. at 657, 20 P.2d 940. A deed of trust has been treated as an "encumbrance" on the real property, with the beneficiary being given protection from owner liability for a materialman's lien. *Hollywood Lumber Co. v. Love*, 155 Cal. 270, 100 P. 698 (Cal.1909).

In distinguishing *Bank of Italy*, the California District Court of Appeal in *Calvo* identified three basic points. First, the court stated that California Supreme

Court in *Bank of Italy* did not consider § 2932.5 or its predecessor statute. *Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App.4th at 123, 130 Cal.Rptr.3d 815. Second, the court stated that *Bank of Italy* did not hold that a mortgage with a power of sale is the same as a deed of trust, but that it recognized the distinction between a mortgage (which creates only a lien) and a deed of trust (which passes title to the trustee). *Id.* Lastly, the court focused on the specific issue in *Bank of Italy*, whether in California it is permissible to sue on a promissory note secured by a deed of trust without first exhausting the security or showing that it is valueless (not at issue in the present Adversary Proceeding). *Id.* at 124, 130 Cal.Rptr.3d 815. The District Court of Appeal concluded that nothing in the holding or analysis of the California Supreme Court's opinion in *Bank of Italy* supports that § 2932.5 applies to a deed of trust. *Id.*

This court now turns to interpret § 2932.5 and its application, if any, to the present motion.

## Construction and Application of Civil Code § 2932.5

In interpreting state law, a federal court is bound by the decisions of the highest state court, and in the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes and treatises. *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir.2001). The California Supreme Court has not addressed the application of § 2932.5 to deeds of trust.

Under settled canons of statutory construction, in construing a statute the California Supreme Court ascertains the usual and ordinary meaning of the words. *Kimmel v. Goland*, 51 Cal.3d 202, 208, 271 Cal.Rptr. 191, 793 P.2d 524 (Cal.1990). The statute's plain meaning controls the court's interpretation unless the words are ambiguous. *Green v. State of California*, 42 Cal.4th 254, 260, 64 Cal.Rptr.3d 390, 165 P.3d 118 (Cal.2007). When more than one statutory construction is arguably possible, the California Supreme Court selects the construction that comports most closely with the apparent legislative intent, with a view to promote rather than defeat the statutes' purpose. *Imperial Merchant Services, Inc. v. Hunt*, 47 Cal.4th 381, 388, 97 Cal.Rptr.3d 464, 212 P.3d 736 (Cal. 2009).

From the "plain language" of the statute, § 2932.5 applies to a mortgagee, or other encumbrancer, who has been given a power of sale. It does not identify a beneficiary or trustee under a deed of trust. In considering what is mean by "mortgagee or other encumbrancer" holding a power of sale, the court first considers the distinction between a "mortgage" and a "deed of trust." For a deed of trust, title is vested in the trustee, who has a power to sell the property upon the event of specified contractual defaults. This allows for the sale of the collateral without judicial intervention.

## Use of Terminology by the California Legislature

The California Legislature ("Legislature") uses the phrases "mortgage," "mortgage with a power of sale," and "deed of trust" to reference three separate legal borrower-lender relationships. The Plaintiff directs the court to consider § 2924, arguing that strict compliance with that provision is required. It is asserted that Defendant has not complied with § 2929 in the exercise of the rights and powers under the Deed of Trust. Reply, Dckt. 320. This Civil Code section pro-

vides that "Every transfer of an interest in property, other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage [except for personal property security interests]." Cal. Civ.Code § 2924(a).

The California Legislature continues in the same paragraph of § 29.24(a) to state the conditions by which a power of sale conferred upon a mortgagee, trustee, or any other person may be exercised without the necessity of judicial intervention. The Legislature specifies the requirements for a notice of default and exercising a power of sale. In § 2924(a) the terms "mortgage" and "deed of trust" are both expressly used by the Legislature.

However, in § 2924(b) the Legislature creates an exception from certain liabilities only for a *trustee* who commits a good faith error in exercising the power of sale if the error was based on information provided by the beneficiary under the deed of trust. This is the only exception made for a trustee under a deed of trust from the other powers of sale, with no other distinctions made between a mortgage and deed of trust in § 2924.

The Legislature in § 2920(a) defines a mortgage as a contract by which real property is hypothecated for performance of an act (without any distinction made to mortgage, mortgage with power of sale, or deed of trust). The term "mortgage" is defined in § 2920(a) to be "[a] contract by which specific property, including an estate for years in real property, is hypothecated for the performance of an act, without the necessity of a change of possession." In paragraph (b) of § 2920, the Legislature provides that for purposes of §§ 2924 through 2924h, a "mortgage" also means "any security device or instrument, *other than a deed of trust,* that confers a power of sale affecting real property or an estate for years therein, to be exercised after

breach of the obligation so secured, including a real property sales contract, as defined in § 2985, which contains such a provision." (Emphasis added). Though broadening the definition of mortgage, the Legislature expressly excludes deeds of trust from being included in the definition of a mortgage.

In reviewing the Civil Code sections relating to mortgages and deeds of trust, this court has identified the following terminology uses by the Legislature:

A. The terms mortgagee, trustee, beneficiary, and authorized agent, are each (in some statutes the terms beneficiary and authorized agent are not used) used in §§ 2923(a), 2923.5(a), 2923.55(a), 2923.6(c), 2924.3, 2924.7, 2924.11, 2924.12, 2924.18, 2924(b), 2924c, 2924d, 2924e, 2924f, 2924g, and 2941.7.

B. The terms mortgage and deed of trust are both used in §§ 2924.1, 2924.3, 2924.5, 2924.6, 2924.7, 2924.15, 2924b, 2924c, 2924d, 2924e, 2924f, 2924g, 2924h, 2924i, 2932.6, 2934, 2935, and 2941.7.

C. The terms trustee's deed, deed of trust, and trustee, including subsets of the three terms, (and not the term mortgage) are only used in §§ 2924.19 (liability arising from a trustee's deed), 2924a, 2924j, 2924k, and 29241.

D. The Legislature provides in § 2932 that a power of sale may be conferred by a mortgage. In § 2932.5, the provision at issue in this Motion, the Legislature specifies how that power of sale may be exercised by the assignee. The next provision, § 2933, addresses execution of a mortgage through the use of a power of attorney. The term deed of trust and trustee are not used in any of these sections.

E. The terms "deed of trust" and "trustee" are used in § 2934a (substitution of trustee) and § 2934b (vacation of office by trustee), with one reference to a "trustee under the mortgage." (No other reference to "trustee under the mortgage" was identified in California Civil Code Title 14, Chapter 2, Article 1 Mortgages, §§ 2920 through 2944.7.)

The Legislature has demonstrated that it can and will use the terms mortgage and deed of trust in some provisions, while in other provisions it will limit the application to either a mortgage or a deed of trust. These provisions do not appear to be a haphazard usage or end of session midnight revisions in which significant drafting errors could have occurred resulting in the statute not reflecting the Legislature's intention.

This court considers how the Legislature has constructed the statutory scheme concerning mortgages, mortgages with a power of sale, deeds of trust, and the system of record title in California. The Legislature has made both deeds of trust and mortgages subject to time limitations for enforcement, §§ 880.02–887.09 (Marketable Record Title Act) and created a right of redemption following a judicial sale under either a mortgage or deed of trust, California Code of Civil Procedure § 729.010. In stating its intent behind the Marketable Record Title Act, the Legislature confirmed that real property is a basic resource of the people and title transactions should proceed with economy and expediency. For this to be achieved, § 880.020 states the intention of the Legislature is to provide a real title record system upon which persons may rely.

The Legislature has expressly referenced both deeds of trust and mortgages in some provisions of the Civil Code and exclusively referenced just one in other provisions of the Civil Code. As noted by a United States District Court, during the same session in which the Legislature relocated the provisions formerly at § 858 to current § 2932.5, the Legislature also considered expanding the general definition of mortgages in § 2920 to include deeds of trust. Such expansion of the statute was not included in § 2920 (now paragraph (a) of § 2920) enacted by the Legislature. *Wadhwa v. Aurora Loan Servs., LLC,* 2012 WL 762020 at *15, 2012 U.S. Dist. LEXIS 31035 at *46 (E.D.Cal. Mar. 7, 2012) (citing Alister McAlister, Committee Statement on AB 2556, ASSEMB. COMM. ON THE JUDICIARY, January 17, 1986, at 1). When paragraph (b) was added to § 2920 expanding the definition of "mortgage" for purposes of §§ 2924 through 2924(h), the Legislature expressly excluded deeds of trust from the definition. When the Legislature has intended a statute to apply to both mortgages and deeds of trust, such as the Marketable Record Title Act and a right of redemption following a judicial sale, it expressly includes both the terms mortgage and deed of trust.

██ Under California principles of statutory construction, it is presumed that the Legislature knowingly excluded deeds of trust from the requirements of § 2932.5. *See Myers v. King,* 272 Cal.App.2d 571, 579, 77 Cal.Rptr. 625 (Cal.App. 4th Dist. 1969) (a court should not assume that the Legislature implied an amendment to a code section based on the Legislature's express amendment of another code section "where the unamended section has been generally understood and acted upon" and the unamended and amended code sections can be harmonized); *cf. Droeger v. Friedman, Sloan, & Ross,* 54 Cal.3d 26, 43, 283 Cal.Rptr. 584, 812 P.2d 931 (Cal.1991) ("Repeals by implication are disfavored and are recognized only when

conflicting statutes cannot be harmonized."). The Legislature has not included deeds of trust in § 2932.5.

**Impact on California Real Title Records**

One California District Court of Appeal panel has held that the purpose of § 2932.5 is not to ensure that a borrower can identify the person holding the loan, but to allow a prospective buyer to know that the mortgagee has the authority to exercise the power of sale. That court concluded, "this is not necessary when a deed of trust is involved, as the trustee [who serves in that role separate and apart from the trustor and beneficiary] conducts the sale and transfers title." *Haynes v. EMC Mortg. Corp*, 205 Cal.App.4th 329, 140 Cal.Rptr.3d 32 (Cal.App. 1st Dist. 2012). The California District Court of Appeal panel considered that if § 2932.5 were applied to deeds of trust, a literal application of that section would effectively require the power of sale to be transferred to the. beneficiary under a deed of trust, contrary to the terms of the trust deed and of § 2934a which provides detailed requirements for the transfer of the power of sale from one trustee under a deed of trust to a substitute trustee. *Id.*

One fundamental issue this court is presently concerned with is whether the application or non-application of § 2932.5 is consistent with the action of the Legislature in establishing the statewide system of record and marketable title to real property. If the requirements of § 2932.5 are critical to the integrity of the record title system, one may conclude that the reference to "encumbrancer" may well have been "intended" to scoop up deeds of trusts as mere liens on real property. Alternatively, if such compliance is not necessary for there to be clear record title, the language of § 2932.5 can speak for itself.

The case before the court presents a good example of why the title granted pursuant to a deed of trust precludes it from being swept into § 2932.5. Defendant's Substitution of Trustee was recorded on November 25, 2009, with the Assignment of Deed of Trust being recorded five days later on November 30, 2009. Both documents were recorded prior to the Trustee's Sale conducted on December 14, 2009. As of the December 14, 2009 sale, the California real property records contained the necessary documents upon which the then asserted owner of the Note and assignee of the Deed of Trust asserted those interests and rights. Any person reviewing record title could determine the trustee of record who held title. That trustee holds record title irrespective of who holds the promissory note or other obligation secured by the deed of trust. It is this record title held by the trustee under the deed of trust which is then transferred to the purchaser at the non-judicial foreclosure sale.

The Legislature is well aware of the clear legal distinction between mortgages, mortgages with a power of sale, and deeds of trust. It is aware of the legal distinction established and maintained by the California Supreme Court for a trustee under a deed of trust holding title to the real property and the lien theory for a mortgage and the mortgagee with a power of sale transferring title of the owner of the property.

There is nothing inconsistent with the Legislature excluding deeds of trust from § 2932.5 than from any of the other statutes relating to mortgages. Exclusion of deeds of trust from § 2932.5 is not inconsistent with or does harm to the record title system established by the Legislature in California. The plain language of § 2932.5 is that it applies only to powers of sale given to a mortgagee or other encum-

brancer, and not to a trustee under a deed of trust.

 Therefore, the court concludes that § 2932.5 only applies to mortgages and not to deeds of trust.

### Interest of Defendant in Note and Deed of Trust

Plaintiff argues that even if the court does not conclude that deeds of trust are subject to the provisions of § 2932.5, Defendant did not have an interest in the Note secured by the Deed of Trust and could not designate and instruct. a substitute trustee to conduct a non-judicial foreclosure sale. However, the undisputed evidence presented to the court is that Defendant holds the Note, with the Allonge transferring the Note to the Defendant. Defendant recorded the Assignment of Deed of Trust and Substitution of Trustee in advance of the substitute trustee conducting the nonjudicial foreclosure sale. No evidence has been presented that the Defendant did not have the Note or the right to enforce the Note when the substitute trustee conducted the non-judicial foreclosure sale.

In the Plaintiff's Memorandum of Points and Authorities, the Plaintiff cites to this court's prior statements that it "will not merely assume that [Defendant] acquired the Note much earlier but did not record the Notice of Assignment of Deed of Trust until a later date." Since the Allonge is undated, Plaintiff contends there is no evidence that an interest was assigned before the Substitution was recorded. Therefore, as a matter of law, this renders Defendant's Trustee's Deed void. Pl.'s Mem. 5:3–17, Dckt. 310.

Initially, the statements of the court relating to not assuming the date of transfer were made in a decision filed on May 19, 2011, for the Plaintiff's motion for a preliminary injunction. That decision was only three months after this Adversary Proceeding was filed and at the beginning of discovery, in the context of maintaining the status quo while the Plaintiff was afforded the opportunity to make his case. Additionally, the decision to issue the preliminary injunction was based solely on the allegations that Defendant did not follow the procedures specified in § 2932.5 when it substituted the trustee under the Deed of Trust. Memorandum Opinion and Decision, 25:11–13, Dckt. 98.

 The Plaintiff has come before this court seeking a determination that the Trustee's Deed held by Defendant is invalid. In attacking that deed, the Plaintiff bears the burden of proof that such deed is ineffective or may be avoided. The Trustee's Deed contains the recitals that the requirements of law for mailing, posting, and publication of the notice of sale have been complied with for the December 14, 2009 non-judicial foreclosure sale. Trustee's Deed, Pl.Ex. D, Dckt. 129 at 15. This constitutes *prima facie* evidence that all such notices were given in compliance with the statute. Cal. Civ.Code § 2924(c). "[W]hile recitals contained in a trustee's deed are not conclusive as between the parties to the trust deed, nevertheless, it was incumbent upon the defendants in that case in order to defeat a motion for summary judgment to present evidentiary facts to controvert the recitals in the trust deed to the effect that the sale was legally held, thereby raising an issue, the merits of which would be determined upon a trial." *Beck v. Reinholtz,* 138 Cal.App.2d 719, 723, 292 P.2d 906 (Cal.App. 4th Dist. 1956).

The undisputed evidence presented to the court is that Defendant holds the Note, with the Allonge transferring the Note to Defendant. Though the Allonge is undated, there is no evidence presented that the

Note was not transferred to Defendant when the trustee was substituted in November 2009 and the non-judicial foreclosure sale was conducted in December 2009. At best, after two years of discovery Plaintiff presents this court with only his speculation and argument that the transfer must be defective.

While many consumers have blunted their spears on the issue of whether the deed of trust was assigned, it is clear under California law that the relevant issue is who owns or has the right to enforce the note. In 2011, the Ninth Circuit Court of Appeals addressed this note-deed of trust issue in *Cervantes v. Countrywide Home Loans, Inc. et al.*, 656 F.3d 1034, (9th Cir.2011). The court previously addressed the general proposition that notes and deeds of trust remain together as a matter of law, with it being the right of the note owner to exercise the power under the deed of trust.

The creation of the Mortgage Electronic Registration Systems, Inc. ("MERS") by lenders to facilitate multiple transfers of promissory notes as part of securitized loan portfolio trading is at the root of many of these timing and document of transfer issues. The purpose of creating MERS was to avoid the recording of assignments of deeds of trust while promissory notes were transferred from investment portfolio to investment portfolio. Only when the ultimate buyer would have to foreclose would MERS then stop acting as the "nominee" for the original lender and its assigns.[5] Thus, it is not unusual for there not to be an assignment of the deed of trust every time a promissory note is transferred from buyer to subsequent buyer. Instead, only at the eleventh hour when the final buyer has to proceed with a nonjudicial foreclosure sale is an assignment of the deed of trust recorded. No evidence has been presented that the assignment of the Deed of Trust was anything other than an assignment to identify Defendant as the person entitled to have the Deed of Trust enforced when it was time have the trustee proceed with a non-judicial foreclosure sale due to the monetary defaults.

 Based on the uncontroverted evidence presented, the Plaintiff has not provided the court with any basis for concluding that the Note was not transferred to Defendant, that Defendant did not have the right to substitute the trustee, or that Defendant did not have the right to enforce the deed of trust at the time of the December 2009 non-judicial foreclosure sale. While the Plaintiff speculates, that the belatedly executed Assignment of the Deed of Trust must mean that the Note was not transferred, that is nothing more than mere speculation. The absence of any discovery obtained during the two years of this litigation by Plaintiff on the point is deafening in its absence. The Plaintiff offers no evidence to counter the Trustee's Deed. There is no evidence of any material dispute to Defendant asserting ownership of the Property pursuant to the Trustee's Deed.

The Motion for Summary Judgment on the Ninth Cause of Action for wrongful foreclosure is denied.

**Quiet Title Cause of Action**

Plaintiff seeks a judgment quieting title premised on the foreclosure being invalid based on the Defendant's failure to comply with § 2932.5, the Defendant not having an

---

**5.** For a discussion of MERS, *see Cervantes v. Countrywide Home Loans*, 656 F.3d at 1038–1040. The Deed of Trust at issue identifies MERS as "the nominee for Lender and Lender's successors and assigns." Ex. C, Deed of Trust, Definitions ¶ (E) and Transfer of Property Rights Paragraph, Dckt. 318 at 27, 28.

interest in the Note or right to enforce the Deed of Trust, resulting in the nonjudicial foreclosure being invalid under the Ninth Cause of Action. The court having determined that § 2932.5 does not apply to deeds of trust and that there is no evidence contrary to Defendant having been transferred the Note and being entitled to enforce the Deed of Trust, no basis exists to quiet title to the Property in favor of the Plaintiff exists. Summary judgment on the Tenth Cause of Action to Quiet Title is denied.

Plaintiff's Motion for Summary Judgment on the claim for wrongful foreclosure and to quiet title is denied.

### REQUEST FOR SUMMARY JUDGMENT BY DEFENDANT

▮ In its Opposition, Defendant directs the court to the established principle in the Ninth Circuit that the court may grant summary judgment for either party, even when only one party files such a motion. *Cool Fuel, Inc. v. Connett,* 685 F.2d 309, 312 (9th Cir.1982). In so acting, the trial court must carefully consider if there are any remaining issues for which material issues of fact remain unresolved. *Daily Herald Co. v. Munro,* 758 F.2d 350 (9th Cir.1985). Federal Rule of Civil Procedure 56(f)(1) and Federal Rule of Bankruptcy Procedure 7056 permit the court to grant summary judgment for a non-moving party or on other grounds, *sua sponte,* after providing notice and a reasonable time to respond.

This Adversary Proceeding has been prosecuted by the Plaintiff for more than two years. Multiple issues have been raised and addressed, with the Plaintiff's Complaint whittled down to the contention that he still owns the property because of the failure of Defendant to comply with § 2932.5 or that the Defendant was not transferred the Note to allow it to enforce the Deed of Trust.

Plaintiff was afforded an opportunity and has opposed Defendant's request for entry of summary judgment based on Plaintiff's Motion. Plaintiff has not provided the court with any evidence disputing the ownership of the Note and right to enforce the Deed of Trust as of the 2009 substitution of trustee and foreclosure. Rather, Plaintiff argues that Defendant has not proven to Plaintiff's satisfaction that it was transferred the Note as of those events occurring. The court believes that, after two years of discovery, if any other evidence existed as to the Note being transferred to Defendant some time after the 2009 substitution and non-judicial foreclosure, or that Defendant was never transferred the Note, that additional evidence would have been presented to the court.

Under these circumstances it is appropriate for the court to grant summary judgment for the Defendant. The Plaintiff has been afforded a full opportunity to research, brief, and argue the issue of whether § 2932.5 applies to deeds of trust. Plaintiff has been afforded the opportunity to present evidence supporting his contention that the Note was not transferred to Defendant to allow Defendant to have the December 2009 foreclosure sale conducted. The Plaintiff put his best evidence forward, which are copies of the Substitution of Trustee, Assignment of Deed of Trust, the two undated allonges, and the Trustee's Deed. Defendant adds the Note and Deed of Trust, Allonge, additional substitutions of attorneys by prior holders of the Note, the Notice of Default, and the Notice of Sale. It is from this undisputed universe of documents that the Parties assert their competing interests.

The Plaintiff's arguments consisting of conclusions he draws from the evidence

are not evidence in support of Plaintiff's claim. Defendant has produced the Note, Allonge, Assignment of Deed of Trust, and Trustee's Deed in support of its interest in the Property. Plaintiff offers nothing more than stating that he does not find those sufficient.

Based on the uncontroverted evidence presented to the court, the court finds that Defendant has title to the Property pursuant to the Trustee's Deed. Defendant is entitled to Summary Judgment pursuant to Federal Rule of Civil Procedure 56(f) and Federal Rule of Bankruptcy Procedure 7056 denying Plaintiff relief under the Complaint to Plaintiff.

## CONCLUSION

Based on the foregoing, the court denies the Plaintiff's Motion for Summary Judgment. Further, the court grants summary judgment for Defendant pursuant to Federal Rule of Civil Procedure 56(f) and Federal Rule of Bankruptcy Procedure 7056 denying Plaintiff relief under the Complaint.

This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 and Federal Rule of Bankruptcy Procedure 7052. The court shall issue a separate order consistent with this ruling and a judgment thereon. Defendant shall file a costs bill and motion for attorneys' fees, if any, on or before **June 21, 2013.**